Avco Security Corporation of New York, Respondent, *v.*
Emma A. Post, Appellant.

Fourth Department, October 26, 1973.

*Onondaga Neighborhood Legal Services, Inc.* (*C. Samuel Beardsley* of counsel), for appellant.

*Crystal, Manes & Rifken* (*Kenneth D. Whitelaw* of counsel), for respondent.

GOLDMAN, P. J.   This controversy arises out of a contract between Colonial Home Improvement Co., Inc. (Colonial) and the individual defendant, whereby in April, 1966, Colonial agreed to remodel the defendant's kitchen.   In payment for the materials and labor defendant-appellant on April 11, 1966 made and delivered to Colonial two notes in the amounts of $695.40 and $3,270 payable to the order of Colonial in 60 equal installments. On the same date Colonial assigned the two notes to the plaintiff-

respondent, AVCO Security Corporation of New York (AVCO). The complaint alleges that appellant failed to pay the installments due on May 5, 1967 and that respondent elected to declare the entire balance due. In September, 1971 AVCO commenced its action to recover on the notes, alleging that it was a holder in due course. After having served an answer, which contained a general denial, appellant on April 5, 1972 served respondent with written interrogatories. Respondent countered by serving appellant with an order to show cause requiring her to show why an order should not be made quashing the written interrogatories. On May 1, 1972, appellant obtained an order to show cause in which she sought to amend her answer to include affirmative defenses arising out of the transaction between Colonial and the appellant and to plead a counterclaim for $5,000. Special Term granted both motions, thereby permitting appellant to amend her answer and quashing the interrogatories, as requested by AVCO. This appeal is taken from the order quashing appellant's interrogatories.

Special Term gave as its reasons for granting the protective order quashing the interrogatories that the information sought " in no way deal[t] with the transaction between the plaintiff and defendant " and that the interrogatories were unreasonable because the action involved only two promissory notes while the interrogatories included 51 separate major questions and over 150 specific inquiries seeking detailed information as to respondent's business, business practices, relationships, licenses, corporate structure, etc. The respondent's position is that the interrogatories are all beyond the scope of inquiry permitted by CPLR 3101 and Special Term so held.

Appellant's affirmative defenses are that (1) there was fraud and misrepresentation by Colonial inducing appellant to enter into the original contract; (2) the alleged contract, upon which the promissory notes are based, is not the original and has been altered; (3) payments in full in the amount of $600 have been made; (4) Colonial did not perform according to the agreement; (5) Colonial took advantage of the appellant who was a homemaker limited in commercial experience and in educational background; (6) Colonial was immediately informed of appellant's dissatisfaction with the performance of the contract.

Appellant challenges the propriety of the protective order quashing her interrogatories and the principal issue is whether the information sought is material and necessary to the trial of the action. The trend of the law is to eliminate the game aspect of litigation and to move more liberally toward disclosure if

the information sought can be reasonably useful in ascertaining the truth and in resolving the controversy. The principle to be applied in determining whether the information is "material and necessary" is succinctly stated by Chief Judge FULD in *Allen* v. *Crowell-Collier Pub. Co.* (21 N Y 2d 403, 406–407): "The words, 'material and necessary', are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13)." The test of materiality should be relevancy of the material to the issues pleaded (7 Carmody-Wait 2d, New York Civil Practice, § 42:30, p. 48; cf. *Matter of Horn Constr. Co.* v. *Fraiman*, 34 A D 2d 131). It is incumbent upon the moving party to show that information sought is requested in good faith for possible use as evidence and if there is any possibility that the information may be so used, it should be considered material to the issues (*Matter of Comstock*, 21 A D 2d 843). There may be instances where the information sought may not be admissible as evidence in chief but, nevertheless, may be subject to discovery, as for example, in the case of a report which should be available at the examination of the person who made the report, either to test or refresh that person's recollection, if the report contains information necessary and material to the carrying on of the litigation (*Avila Fabrics* v. *152 West 36th St. Corp.*, 22 A D 2d 238; 7 Carmody-Wait 2d, New York Civil Practice, § 42:30, p. 49). In determining whether the information is "necessary" one is not required to show that it is indispensable but only that it is needful (*Terry* v. *Ross Heater & Mfg. Co.*, 180 App. Div. 714). There is, for example, no necessity to obtain information which can be proved by incontrovertible documentary evidence or about which there has been concession or clear admission (7 Carmody-Wait 2d, New York Civil Practice, §§ 42:43, 42:44, pp. 75–76). Of course, CPLR 3101 does not authorize an all-inclusive demand for the production of documents (*Midland Glass Co.* v. *American Can Co.*, 38 A D 2d 820).

In order to determine whether the information sought by appellant's interrogatories is necessary and material, it is essential to refer to the law concerning consumer credit transactions where in situations like the case at bar there is usually a tripartite transaction involving a lending or credit company, the vendor of the subject matter of the contract and the vendee maker of a negotiable instrument. The lending institution must sustain its status as a holder in due course if it is to succeed. If in fact, as appellant apparently attempts to show here, the finance company (AVCO) is a device to shield the vendor from liability for its breach of its agreement, then the plaintiff holder of the notes is not one who has taken the instruments in good faith without notice of possible defenses (Uniform Commercial Code, § 3–302, subd. [1]). Any material relevant to AVCO's holder in due course status should be discoverable. If the respondent is in the business of advancing credit and making loans and receives a negotiable instrument, which is the subject of the action, from the payee-vendor of a consumer credit transaction, courts will and should look to the relationship between the vendor, the financing company and the maker to determine whether the financial institution is so directly interested and involved in the transaction that there is an identity of interest between the lending institution and the vendor (see *Westfield Inv. Co.* v. *Fellers,* 74 N. J. Super. 575; *Buffalo Ind. Bank* v. *De Marzio,* 162 Misc. 742, revd. on other grounds 6 N. Y. S. 2d 568).

The relationship between the creditor and the seller may assume various forms. It may include (1) co-participation in the underlying transaction where the alleged holder in due course financed the sale, prepared the instruments, purchased the instruments on the same day they were executed and prepared a written assignment of the instruments even before they were executed (*Commercial Credit Co.* v. *Childs,* 199 Ark. 1073); (2) an agency relationship where the seller acts as an agent for the creditor (*Calvert Credit Corp.* v. *Williams,* 244 A. 2d 494 [Dist. of Col., Ct. of App.]); (3) control of the seller by the creditor where there is a close relationship in which the creditor provides the forms and terms of the consumer transaction (*Unico* v. *Owen,* 50 N. J. 101; *Commercial Credit Corp.* v. *Orange County Mach. Works,* 34 Cal. 2d 766); (4) the holding of joint corporate offices as was the case in *Jones* v. *Approved Bancredit Corp.* (256 A. 2d 739 [Sup. Ct. of Del.]); and (5) the situation where the creditor has general knowledge of the

seller's business practices and where the creditor has not acted in good faith in continuing to deal with the seller knowing there are fraudulent sales practices involved (*Gross* v. *Appelgren,* 171 Col. 7).

We held in *Matter of Comstock* (21 A D 2d 843) that if the information is requested in good faith for possible use as evidence in chief or in rebuttal or for cross-examination, it should be considered material. (See, also, *State of New York* v. *De Groot,* 35 A D 2d 240, 242; *Gilbert Adv. Agency* v. *Seaboard Sur. Co.,* 34 A D 2d 513; *City of Binghamton* v. *Arlington Hotel,* 30 A D 2d 585.) The words "material and necessary" are to be interpreted liberally in respect of facts which will expedite the trial and sharpen the issues (*Allen* v. *Crowell-Collier Pub. Co.,* 21 N Y 2d 403, *supra*; *Maloney* v. *Buffalo Sav. Bank,* 41 A D 2d 591). In the case at bar, paragraph 20 is concerned with the manner in which AVCO acquired rights to the notes in question; paragraphs 35, 36, 37, 42 and 45 are concerned with discovery of a relationship between Colonial and AVCO. Paragraph 49 merely requests a statement to which appellant is entitled in accordance with CPLR 3101 (subd. [e]). Paragraph 50 is concerned with the defense of payment which is raised in appellant's amended answer. The information sought in the other paragraphs is either not pertinent or the requests are couched in such broad, vague and general language that they are outside the scope of discovery as indicated by CPLR 3101 and also by the *Allen* case (*supra*). An example of the unreasonable scope of inquiry sought is found in paragraphs 24, 25, 26 and 27 which are practically repetitions of each other and in no way necessary or of any support to appellant's defenses. The criterion for disclosure may be summed up in the one word "relevant". The commentary by Professor Siegel succinctly states the issue as follows (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101, p. 11): "In other words, the disclosure is mandated if it is 'relevant', and that is normally the only thing with which the court should be concerned. The word 'material' implies something a little heavier than 'relevant'. That which is material to the case would be relevant to it, though the converse would not hold. Nonetheless, 'relevant' is the meaning assigned to 'material'. As for the word 'necessary', the Allen case compels the conclusion that that which is 'relevant' to the litigation is for that reason alone 'necessary' to it."

The order should be modified to permit the interrogatories in paragraphs 20, 35, 36, 37, 42, 45, 49 and 50, and as modified affirmed.

DEL VECCHIO, WITMER, MOULE and SIMONS, JJ., concur.

Order unanimously modified in accordance with opinion by GOLDMAN, P. J., and as modified affirmed without costs.