OPINION OF THE COURT
Charles H. Cohen, J.
This is a motion by certain defendants to strike a demand for a bill of particulars served by plaintiffs in this medical malpractice action.
Items Nos. 1 to 4 of the demand involve the first affirmative defense which is being withdrawn by these defendants. Therefore, these items are stricken.
Items Nos. 5 to 8 of the demand involve the second affirmative defense which alleges that “Plaintiff’s claim of lack of informed consent is barred by reason of the applicable provisions of Section 2805 (d) of the Public Health Law”. These defendants do not attack the form or scope of any of these items but take the position that plaintiffs have the burden of proving the elements of a cause of action based upon lack of informed consent, and that since a party may be required to furnish particulars only with respect to those issues upon which he has the burden of proof (Matter of Wolf, 67 AD2d 930; Matter of Reynolds, 38 AD2d 788), the demand relating to these items is improper.
The question presented — and apparently unanswered in the reported cases — is who has the burden of proof. *534 Parenthetically, it may be noted that if it is actually upon plaintiffs, the mere fact that defendants may have gratuitously pleaded something as an affirmative defense in their answer does not change the burden of proof. (Schwartz v Turken, 115 Misc 2d 829, 833.)
Section 2805-d of the Public Health Law sets forth in subdivisions 1, 2 and 3 what must be proven in medical malpractice actions based upon lack of informed consent. In subdivision 4, it then goes on and states that:
“It shall be a defense to any action for medical malpractice based upon an alleged failure to obtain such an informed consent that:
“(a) the risk not disclosed is too commonly known to warrant disclosure; or
“(b) the patient assured the medical practitioner he would undergo the treatment, procedure or diagnosis regardless of the risk involved, or the patient assured the medical practitioner that he did not want to be informed of the matters to which he would be entitled to be informed; or
“(c) consent by or on behalf of the patient was not reasonably possible; or
“(d) the medical practitioner, after considering all of the attendant facts and circumstances, used reasonable discretion as to the manner and extent to which such alternatives or risks were disclosed to the patient because he reasonably believed that the manner and extent of such disclosure could reasonably be expected to adversely and substantially affect the patient’s condition.”
Items Nos. 5 to 8 of the demand do not refer to the elements of the medical malpractice based upon lack of informed consent which plaintiffs must prove. It is readily apparent that plaintiffs are inquiring only as to which paragraphs of subdivision 4 these defendants are relying upon and seeking particulars concerning any such paragraphs. This certainly complies with the classical purpose of a demand for a bill of particulars which is “to amplify the pleadings, limit the proof, and prevent surprise at trial.” (Bergman v General Motors Corp., 74 AD2d 886; Calabrese v Caldwell Dev. Corp., 63 AD2d 834; Matter of Reynolds, 38 AD2d 788.)
*535 Subdivision 4 specifically states that the matters set forth therein “shall be a defense”. This clearly places the burden of proof regarding these matters upon these defendants. Further, CPLR 3018 (subd [b]) entitled “Affirmative defenses” provides that “A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading”. The subject matter of subdivision 4 of section 2805-d of the Public Health Law falls firmly within this provision.
Accordingly, the motions of these defendants to strike items Nos. 5 to 8 of the demand is denied.