■ MARY MAVROUDIS, Respondent, v STATE WIDE INSURANCE COMPANY, Appellant. — In an action, *inter alia,* to recover on an automobile insurance policy and to declare the rights and obligations of the parties under the no-fault indorsement of said policy, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated August 30, 1983, as (1) denied its motion to vacate a notice for discovery and inspection and to strike specified interrogatories dated April 14, 1983 served by plaintiff and (2) granted plaintiff's cross motion to compel compliance with those discovery demands. ¶ Order modified, by deleting so much of the order as denied defendant's motion and granted plaintiff's cross motion with respect to interrogatories 9 and 10, and substituting therefor a provision granting defendant's motion for a protective order as to items 9 and 10 of the interrogatories dated April 14, 1983, and denying so much of plaintiff's cross motion as sought to compel defendant to answer those interrogatories. As so modified, order affirmed, insofar as appealed from, with costs. Defendant's time to comply with plaintiff's notice for discovery and inspection and to answer plaintiff's interrogatories other than interrogatories 9 and 10 is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. ¶ The issues framed by the pleadings determine the scope of discovery in a particular action (see *Avco Security Corp. v Post,* 42 AD2d 395) and a bill of particulars may not supply essential allegations of a cause of action which do not appear in the complaint (see *Melino v Tougher Heating & Plumbing Co.,* 23 AD2d 616). Plaintiff's bill of particulars contains allegations that defendant is engaged in a conspiracy with the examining physician Dr. Klein to falsify medical reports in order to minimize its exposure to no-fault claim liability. However, the allegations comprising the complaint do not plead a cause of action for conspiracy to defraud defendant's insureds. In the absence of such allegations, plaintiff's demand for disclosure of the number and results of prior unrelated no-fault physical examinations conducted by Dr. Klein, at defendant's request, and the fee Dr. Klein received for said examinations, has no relevance to the issues as framed by the pleadings. Consequently, Special Term erred in denying defendant's motion to strike with respect to plaintiff's interrogatories 9 and 10. Aside from interrogatories 9 and 10, all information requested by plaintiff is "material and necessary" to the prosecution of this action, as that term is defined in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403) and, thus, is subject to disclosure (see CPLR 3101, subd [a]). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.