■ JULIE A. RUBINO, an Infant, by LOUISE RUBINO, Her Mother and Natural Guardian, Respondent, v ALBANY MEDICAL CENTER HOSPITAL et al., Defendants, and DONALD P. SWARTZ, Appellant.—Main, J. P. Appeal from that part of an order of the Supreme Court at Special Term (Williams, J.), entered November 28, 1984 in Albany County, which, *inter alia,* denied the cross motion of defendants Donald P. Swartz and Martin B. Wingate to vacate plaintiff's demand for a bill of particulars and to dismiss plaintiff's second cause of action.

Plaintiff commenced this action seeking to recover damages incurred by her, allegedly due to the medical malpractice of defendants Donald P. Swartz and Martin B. Wingate. As a result of such alleged malpractice, which plaintiff claims took place during the doctors' care of her mother during her pregnancy and the delivery of plaintiff, she presently suffers from a learning disability, a speech impairment and deficient motor coordination.

After Swartz and Wingate answered, plaintiff made a mo-

tion, the substance of which is irrelevant to this appeal, and demanded from Swartz and Wingate a verified bill of particulars concerning, *inter alia,* potential defenses that may be asserted pursuant to Public Health Law § 2805-d (4). In response to plaintiff's motion and demand to particularize, Swartz and Wingate cross-moved for an order, *inter alia,* (1) dismissing plaintiff's cause of action for lack of informed consent, and (2) vacating plaintiff's demand for a bill of particulars or, in the alternative, for leave to amend their answer to include the defenses of Public Health Law § 2805-d (4). Special Term denied the cross motion to dismiss plaintiff's cause of action for lack of informed consent and to vacate the demand for a bill of particulars, but did grant Swartz and Wingate leave to amend their answer to assert the defenses of Public Health Law § 2805-d (4). This appeal by Swartz ensued.

We initially reject the argument advanced by Swartz that plaintiff's cause of action for lack of informed consent should be dismissed for failure to state a cause of action. Affording the complaint a liberal construction *(see,* CPLR 3026; *Macey v New York State Elec. & Gas Corp.,* 80 AD2d 669), we conclude that the pleading's statement of the cause of action in question, while inartfully drawn, is not insufficient as a matter of law *(see, Torres v Southside Hosp.,* 84 AD2d 836; *see also, Grcic v Peninsula Hosp. Center,* 110 AD2d 625; *cf. Anderson v Wiener,* 100 AD2d 919) since a cause of action can be made out from it *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275).

Swartz next contends that Special Term should have vacated plaintiff's demand for a bill of particulars as to the defenses under Public Health Law § 2805-d (4). The matters raised in the statute, while labeled "defenses", are classic examples of matters which would "raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]). As such, they are affirmative defenses as to which the defendant is required to give a bill of particulars *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:13, p 149; *see also, Grossman v Osteopathic Hosp. & Clinic,* 121 Misc 2d 533, 534-535).

Order affirmed, with costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.