■ KATINA FORNEY, an Infant, by Her Mother and Natural Guardian, DALAR BUTLER, Appellant, v HUNTINGTON HOSPITAL et al., Defendants, and PETER JANUZZI et al., Respondents.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated January 7, 1987, which denied her motion to preclude the defendants Peter Januzzi and Steven Levine from offering evidence at trial on their respective affirmative defenses to the

cause of action alleging that they treated the infant plaintiff without obtaining informed consent.

Ordered that the order is reversed, with costs, and defendants Januzzi and Levine are precluded from offering evidence at trial on the issues contained in items 5, 6, 7 and 8 of the plaintiff's verified demand for a bill of particulars separately served upon them unless they respond thereto within 20 days after service upon them of a copy of this decision and order, with notice of entry.

The second cause of action in the complaint alleged that the defendants treated the infant plaintiff without obtaining an informed consent. In their answers, Januzzi and Levine interposed the affirmative defenses found in Public Health Law § 2805-d (4). The burden of proving these defenses resides with Januzzi and Levine (see, Rubino v Albany Med. Center Hosp., 117 AD2d 909; CPLR 3018 [b]). Accordingly, they must respond to items 5, 6, 7 and 8 of the demand for a verified bill of particulars, which seek amplification of these issues. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.