■ JANICE SOLLAZZO et al., Respondents, v EUGENE EDELMAN, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Monteleone, J.), dated March 27, 1986, as, upon granting his motion to strike an item of the plaintiffs' bill of particulars, found that he had waived the defenses found in Public Health Law § 2805-d (4) by failing to include them in his answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this medical malpractice action, the plaintiffs asserted a claim of lack of informed consent. The defendant's answer contained general denials and set forth the affirmative defenses of the Statute of Limitations and the plaintiff Janice Sollazzo's culpable conduct. Thereafter, the plaintiffs served a demand for a bill of particulars seeking, *inter alia,* information as to any of the defenses to a claim of lack of informed consent set forth in Public Health Law § 2805-d (4). The defendant made a motion to vacate item No. 7 of the demand

for a bill of particulars which the court granted since it found the defendant had not pleaded any of these defenses in his answer. The court went on to find, however, that defendant had waived these defenses by failing to plead them.

We affirm. The defenses contained in Public Health Law § 2805-d (4) are affirmative defenses upon which, if raised by the defendant, the defendant would bear the burden of proof and the plaintiffs would be entitled to a bill of particulars (CPLR 3018 [b]; *Forney v Huntington Hosp.,* 134 AD2d 405; *Rubino v Albany Med. Center Hosp.,* 117 AD2d 909). Since the defendant never pleaded these defenses, the court correctly struck plaintiffs' demand for a bill of particulars as to them. By the same token, however, the court also correctly ruled that by failing to plead these affirmative defenses, the defendant has, under the current procedural posture of this case, waived them *(see, Surlak v Surlak,* 95 AD2d 371, 383; *De Lisa v Amica Mut. Ins. Co.,* 59 AD2d 380, *lv granted* 43 NY2d 648). We would note that there was no request made by the defendant for leave to amend his answer to assert these defenses *(see, Rubino v Albany Med. Center Hosp., supra),* and, therefore, we do not pass upon the propriety of granting such relief (CPLR 3025 [b]). If such a request were to be made and granted, however, the plaintiffs would, of course, be entitled to renew their demand for a bill of particulars as to those defenses (Public Health Law § 2805-d [4]; *Forney v Huntington Hosp., supra; Rubino v Albany Med. Center Hosp., supra).* Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.