■ ABCO REFRIGERATION SUPPLY CORP., Appellant, v T.G.S. CORNER ENTERPRISES, INC., et al., Respondents.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about February 2, 1990, which denied plaintiff's motion pursuant to CPLR 3211 (a) (7) to dismiss defendants' affirmative defenses and counterclaims and for summary judgment pursuant to CPLR 3212, without prejudice to renewal following completion of discovery, unanimously affirmed, without costs.

In this action plaintiff seeks to recover on a promissory note made and delivered by defendant T.G.S. Corner Enterprises, Inc. to defendant Scheinman Fixtures Co., Inc., and endorsed by the remaining defendants on or about October 26, 1988, which was allegedly thereafter acquired by the plaintiff from defendant Scheinman.

We find that the IAS court did not abuse its discretion in determining that defendants' affirmative defenses and counterclaims, asserting that the plaintiff had not acquired the note in good faith, for value and without notice of any defects therein, warranted completion of discovery before granting summary judgment in favor of the plaintiff on the promissory note as a holder in due course. (UCC 3-302; Israel Discount Bank v Rosen, 59 NY2d 428; Banco Di Roma v Merchants Bank, 92 AD2d 42; Avco Sec. Corp. v Post, 42 AD2d 395.)

Specifically, it is apparent that the summary judgment in plaintiff's favor is inappropriate at this juncture, where the defendants, in opposition to plaintiff's motion, have challenged not only plaintiff's alleged status as a holder in due course, but have also challenged the validity of the purported transfer of the note in question and the genuineness of their signatures thereon. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.