■ DOUGLAS A. WILLINGER et al., Appellants, v TOWN OF GREENBURGH et al., Respondents.—In an action, *inter alia,* to recover damages for malicious prosecution and false arrest, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Westchester County (Gagliardi, J.), dated September 8, 1988, as granted the defendants' motion for a protective order with respect to the plaintiffs' demand for certain records of complaints of police brutality against the defendant Town of Greenburgh, and (2) so much of an order of the same court, entered March 1, 1989, as denied that branch of their motion which was for renewal.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The instant action arose out of an incident wherein the plaintiff Douglas A. Willinger (hereinafter the plaintiff), after protesting the issuance of traffic summonses by the defendant Police Officer Wayne Preston, was allegedly assaulted by Officer Preston and charged with various criminal offenses. After his acquittal of those charges, the plaintiffs commenced this action, *inter alia,* to recover damages for assault, false arrest and imprisonment, and malicious prosecution against Officer Preston and his employer the Town of Greenburgh. The complaint alleged in part that the town had negligently hired and retained Officer Preston on the police force in view of his violent propensities, and that the town had participated in the malicious prosecution of the plaintiff. Additionally, the complaint alleged in conclusory fashion a deprivation of constitutional rights pursuant to 42 USC § 1983. The appellants then sought, among other things, discovery and inspection "of all claims and complaints * * * for excessive use of force and/

or assault and battery" made against the town's police department from 1973 to 1983. At a preliminary conference, Justice Ferraro limited that demand to five years preceding June 24, 1983. However, the Town of Greenburgh nevertheless moved for a protective order, claiming that the demand was still overbroad.

In the order dated September 8, 1988, the court granted the defendants' motion for a protective order, directing that the defendants need only produce actual notices of claim arising from excessive use of force by the police, and produce the personnel file of Officer Preston for in camera inspection, finding that general evidence of any complaints of police brutality was irrelevant to the present action, because the Federal civil rights cause of action had not been adequately pleaded. The appellants subsequently served a verified amended bill of particulars in an attempt to cure the pleading defects in their Federal civil rights claim, and thereafter moved, *inter alia,* for renewal of the prior motion for a protective order. The court denied this motion in the order entered March 1, 1989.

We discern no error in the court's granting of the defendants' motion for a protective order. To properly plead a claim against a municipality under 42 USC § 1983, the following three elements are required: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right" *(Batista v Rodriguez,* 702 F2d 393, 397). The failure to adequately plead these elements renders the civil rights claim deficient. The appellants asserted neither facts nor allegations with regard to any existing policy within the town's police department, and therefore have failed to demonstrate any need to review complaints of police brutality against the town pertaining to any officer other than Officer Preston.

The service of a verified amended bill of particulars "for the purpose of curing the pleading deficiency found by the court in its initial decision" was ineffective. "The issues framed by the pleadings determine the scope of discovery in a particular action * * * and a bill of particulars may not supply essential allegations of a cause of action which do not appear in the complaint" *(Mavroudis v State Wide Ins. Co.,* 102 AD2d 864). By virtue of the allegations contained in the complaint, the appellants limited the scope of their discovery to information concerning Officer Preston alone. Kooper, J. P., Sullivan, Eiber and Balletta, JJ., concur.