■ REED McLEAN, an Infant, by His Mother and Natural Guardian, SUSAN B. BRUNELL, et al., Respondents, v HUNTINGTON HOSPITAL et al., Appellants, et al., Defendants. [642 NYS2d 951] —In an action to recover damages for medical malpractice, etc., the defendants Huntington Hospital, Bryant, and Gregorius appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 26, 1994, as granted the plaintiffs' motion to strike

their affirmative defense of culpable conduct, and (2) from an order of the same court, dated September 5, 1995, which denied their motion to renew their opposition to the plaintiffs' motion.

Ordered that the appeal from the order dated September 5, 1995, is dismissed; and it is further,

Ordered that the order dated October 26, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded two bills of costs.

Pursuant to CPLR 1412, culpable conduct is an affirmative defense that is to be pleaded and proved by the party asserting such a defense (see, CPLR 1412). Upon an appropriate demand, a defendant is required to particularize this affirmative defense (see, Siegal, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3041:6, at 482; Forney v Huntington Hosp., 134 AD2d 405, 406). Here, the appellants each alleged the affirmative defense of culpable conduct in their answer to the plaintiffs' complaint. Although the plaintiffs demanded a bill of particulars, the appellants never supplied a bill of particulars or any evidence to support this affirmative defense. Instead, defense counsel indicated to the plaintiffs' counsel by letter that a response to the plaintiffs' demand for information relating to the subject affirmative defense would be "forthcoming after depositions". The appellants were in possession and control of the information and hospital records necessary to supply the details of their defense. Accordingly, we reject the appellants' claim that it was appropriate to defer answering the demand for a bill of particulars as to the affirmative defense until after the completion of depositions.

The appellants' motion, denominated as one for renewal, was not based upon new evidence which was unavailable upon the original motion and the appellants failed to offer a reasonable excuse as to why it was not submitted at that time (see, Caffee v Arnold, 104 AD2d 352). Therefore, the motion is actually one to reargue, the denial of which is not appealable (see, e.g., Mgrditchian v Donato, 141 AD2d 513; Matter of Bosco, 141 AD2d 639).

We have reviewed the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.