■ JOHN G. LOGARZO, Appellant, v CARMELA D'ANGELIS-HALL, Respondent. [669 NYS2d 909] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 10, 1997, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff's decedent did not sustain a serious injury as defined by Insurance Law § 5102 (d), and (2) an order of the same court, dated July 25, 1997, which denied his motion, in effect, to reargue the defendant's motion for summary judgment.

Ordered that the order dated February 10, 1997, is affirmed; and it is further,

Ordered that the appeal from the order dated July 25, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondent is awarded one bill of costs.

In support of her motion for summary judgment the defendant submitted, *inter alia*, the affirmed report of the physician who examined the plaintiff's decedent on the defendant's behalf

which concluded, in effect, that the plaintiff's decedent did not suffer a serious injury as that term is defined in the Insurance Law. The plaintiff's opposition thereto failed to raise a triable question of fact on the issue (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230). The affidavit submitted by the former physical therapist of the plaintiff's decedent did not indicate what, if any, objective medical tests were performed to conclude that the plaintiff's decedent suffered loss of cervical range of motion (*see, Lincoln v Johnson,* 225 AD2d 593, 594; *Giannakis v Paschilidou,* 212 AD2d 502, 503; *Antoniou v Duff,* 204 AD2d 670). Moreover, the therapist last treated the plaintiff's decedent more than one year before he died (*see, Schultz v Von Voight,* 216 AD2d 451, 452, *affd* 86 NY2d 865; *Philpotts v Petrovic,* 160 AD2d 856). Under these circumstances, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see, Gaddy v Eyler, supra*).

The Supreme Court also properly denied the plaintiff's motion denominated as one for renewal and reargument. Inasmuch as this motion was not based upon new evidence which was unavailable upon the original motion, and the plaintiff failed to offer any excuse as to why the evidence was not submitted at that time, the motion was actually one for reargument, the denial of which is not appealable (*see, Schumann v City of New York,* 242 AD2d 616; *McLean v Huntington Hosp.,* 227 AD2d 533; *Fucci v Town of Oyster Bay,* 170 AD2d 646). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.