■■■ WENDY L. KERN, Appellant, v CITY OF ROCHESTER et al., Respondents. (Appeal No. 1.) [689 NYS2d 842] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff appeals from an order denying in part her motion to compel discovery and seeking other relief and granting in part the cross motion of the City of Rochester, Fire Department of the City of Rochester, Police Department of the City of Rochester and Charles D. Ippolito, individually and as former Chief of the Fire Department of the City of Rochester (City defendants) for a protective order and to compel the deposition of plaintiff. We reject plaintiff's contention that Supreme Court failed to abide by the terms of a prior order, thereby violating the law of the case (cf., Kimmel v State of New York, 261 AD2d 843 [decided herewith]). The prior order did not require defendants to produce any items demanded in plaintiff's notice of discovery and inspection; rather, it directed defendants to respond to outstanding discovery demands (cf., Kimmel v State of New York, supra). The City defendants' objections to some of plaintiff's discovery demands constitute responses complying with the prior order (see, CPLR 3122 [a]), and the court was not bound by the law of the case to direct production of the demanded items.

The court properly determined that plaintiff's entitlement to the personnel records of the individual defendants and the other persons identified in the notice of discovery and inspection is limited by Civil Rights Law § 50-a (see, Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145). The court also properly denied that part of the motion seeking disclosure of the records of all Executive Board and other union meetings conducted from June 1992 to the date of trial by defendant

Rochester Firefighters Association, Inc., Local 1071, IAFF (Local 1071). The demand was so overly broad and burdensome as to be palpably improper, and thus Local 1971 was not foreclosed from challenging its propriety despite Local 1071's failure to make a timely challenge (*see, Holness v Chrysler Corp.*, 220 AD2d 721, 722; *Haller v North Riverside Partners*, 189 AD2d 615, 616). The court properly directed that the deposition of defendant Ippolito be conducted at Rochester City Hall (*see,* CPLR 3110 [3]) and properly exercised its discretion in denying that part of plaintiff's motion seeking a protective order with respect to plaintiff's deposition. The award of costs with respect to plaintiff's renewal motion was not an improvident exercise of discretion (*see,* CPLR 8106; *Mooney v PCM Dev. Co.*, 253 AD2d 454).

We modify the order, however, by granting that part of plaintiff's motion to compel discovery of items 13, 14, 15, 21, 22, 23, 24 and 25 in the notice of discovery and inspection and denying that part of the City defendants' cross motion for a protective order with respect to those items. "The issues framed by the pleadings determine the scope of discovery in a particular action" (*Mavroudis v State Wide Ins. Co.*, 102 AD2d 864; *see, Willinger v Town of Greenburgh*, 169 AD2d 715, 716; *Avco Sec. Corp. v Post*, 42 AD2d 395, 397). The designated items are relevant to the allegations of the complaint and are thus subject to discovery.

We have examined plaintiff's remaining contentions and conclude that they are lacking in merit. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Discovery.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Balio, JJ.