■ ROBERT CHARNOVESKY, Respondent, et al., Plaintiff, v CITY OF NEW YORK, BOARD OF EDUCATION, Appellant. [724 NYS2d 199] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of Supreme Court, Kings County (Gerges, J.), dated June 2, 2000, which, after nonjury trial, is in favor of the plaintiff Robert Charnovesky and against it in the principal sum of $66,600.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly declined to consider the defendant's contention that the plaintiff Robert Charnovesky (hereinafter the plaintiff) assumed the risk of tripping in a two-inch deep hole in the concrete surface of the defendant's schoolyard while jogging in preparation for a touch football game planned for the same location. The defendant failed to plead assumption of the risk as an affirmative defense, and raised the theory for the first time during the cross-examination of the plaintiff at trial. Assumption of the risk is an affirmative defense which is deemed waived if not specifically pleaded (*see, Micallef v Miehle Co.,* 39 NY2d 376; *see also, Sollazzo v Edelman,* 142 AD2d 572).

Under the circumstances of this case, we reject the defendant's argument that the affirmative defense of the plaintiff's culpable conduct is sufficient to plead assumption of the risk. Assumption of the risk " 'in this form is really a *principle of no duty,* or no negligence and so *denies the existence of any underlying cause of action'* " (*Morgan v State of New York,* 90 NY2d 471, 485, quoting Prosser and Keeton, Torts § 68, at 496-497 [5th ed] [emphasis added]). Unlike the defense of a plaintiff's culpable conduct, the defense of assumption of the risk, where sustained, renders irrelevant any consideration of comparative fault and bars recovery against the defendant (*see, Morgan v State of New York, supra,* at 485; *Turcotte v Fell,* 68 NY2d 432, 437-439). Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.