■ CATHERINE MAHAR, Appellant, v CLAUS M. FICHTE, M.D., Respondent. [748 NYS2d 103] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered December 4, 2001, which, inter alia, denied plaintiff's motion seeking to strike defendant's answer based on defendant's failure to provide a verified bill of particulars responding to item Nos. 4 through 13.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part plaintiff's motion and striking defendant's answer unless defendant, within 30 days of service of a copy of the order of this Court with notice of entry, serves a verified bill of particulars responding to item Nos. 10 through 13 of the demand for a verified bill of particulars and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying that part of plaintiff's motion seeking to strike defendant's answer based on defendant's failure to provide a verified bill of particulars responding to item Nos. 10 through 13 of plaintiff's demand for a verified bill of particulars. Those items pertain to the defenses set forth in Public Health Law § 2805-d (4) upon which defendant bears the burden of proof and thus he must respond to

them (*see Sollazzo v Edelman*, 142 AD2d 572, 573; *Forney v Huntington Hosp.*, 134 AD2d 405, 406; *Rubino v Albany Med. Ctr. Hosp.*, 117 AD2d 909, 910). Defendant's "attempt to reserve a right to serve a subsequent supplemental bill of particulars, claiming lack of sufficient knowledge, was improper as no affirmative statement by [defendant], under oath, with respect thereto appears in the record" (*Kaire v Trump Mgt.*, 140 AD2d 494, 496, *lv denied* 74 NY2d 608; *see McLean v Huntington Hosp.*, 227 AD2d 533, 534). We conclude, however, that the court properly denied that part of plaintiff's motion seeking to strike defendant's answer with respect to item Nos. 4 through 9. Contrary to plaintiff's contention, those items pertain to matters upon which plaintiff bears the burden of proof (*see generally Santilli v CHP, Inc.*, 274 AD2d 905, 907; *Foote v Rajadhyax*, 268 AD2d 745), and thus defendant is not required to respond to them (*see Connelly v Warner*, 248 AD2d 941, 943). We therefore modify the order by granting in part plaintiff's motion and striking defendant's answer unless defendant, within 30 days of service of a copy of the order of this Court with notice of entry, serves a verified bill of particulars responding to item Nos. 10 through 13 of the demand for a verified bill of particulars. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.