■ DEREK GREEN, Respondent, v CITY OF NEW YORK et al., Appellants. [764 NYS2d 690] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), entered May 2, 2002, which,

upon a jury verdict, inter alia, awarded plaintiff damages, unanimously affirmed, without costs.

Plaintiff, an elementary school teacher, was seriously injured during school hours while playing basketball in a school cafeteria in which basketball hoops had been installed. As he jumped to shoot the basketball with which he and some students were playing, plaintiff slipped upon the cafeteria's vinyl tile flooring causing him to lose his balance, trip over a student and land hard on his left knee.

Contrary to defendants' argument, plaintiff's notice of claim, stating that the flooring where the accident occurred was affected by a "slippery condition which existed at the time of the accident and for a long period prior thereto," was sufficient inasmuch as it brought "the particular condition at issue to the attention of the authorities" (*Vasquez v City of New York*, 298 AD2d 187 [2002], quoting *Weinreb v City of New York*, 193 AD2d 596, 598 [1993] [internal quotation marks omitted]).

Although defendants maintain that the complaint should be dismissed because plaintiff assumed the risk of the injury he sustained when he voluntarily participated in the basketball game, defendants have waived any primary assumption of risk defense they may have had by failing affirmatively to plead the defense (*see Micallef v Miehle Co.*, 39 NY2d 376, 382 [1976]; *see also Charnovesky v City of N.Y., Bd. of Educ.*, 283 AD2d 385 [2001], *lv denied* 96 NY2d 720 [2001]). We note that defendants did allege that plaintiff had been contributorily negligent and prevailed upon that theory to the extent that the jury found plaintiff 50% culpable for his harm.

Finally, we perceive no ground to conclude that the jury's awards for past pain and suffering and future pain and suffering deviated materially from what is reasonable compensation (*see* CPLR 5501 [c]). The trial evidence disclosed that plaintiff underwent three surgical procedures with life-threatening complications, and that his injuries are permanent, cause him daily pain and will likely necessitate more than one total knee replacement. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.