# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**564**

**CA 10-02404**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

ROBERT M. BURGIO, AS ADMINISTRATOR OF THE
ESTATE OF RANDALL P. BURGIO, DECEASED, AND
ASHLEY C. BURGIO AND JILLIAN M. BURGIO, AS
DISTRIBUTEES OF THE ESTATE OF RANDALL P.
BURGIO, DECEASED, PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

CITY OF LOCKPORT, ROGER F. LAROACH,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (CHARLES S. DESMOND, II, OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an amended order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 5, 2010 in a personal injury and wrongful death action. The amended order directed plaintiffs to provide disclosure responses.

It is hereby ORDERED that said appeal insofar as it concerns various financial documents pertaining to decedent's estate is unanimously dismissed and the amended order is modified on the law by directing plaintiffs either to provide defendants with further particulars concerning defendants' failure to maintain the vehicle in question and the nature of any defect, unsafe condition, or lack of necessary safety equipment, or to provide a sworn statement that they do not now possess the information required for the further particulars, in which event they shall serve a supplemental bill of particulars to defendants within 90 days of service of the order of this Court with notice of entry if they obtain such information during the course of disclosure, and as modified the amended order is affirmed without costs.

Memorandum: On appeal from an amended order directing plaintiffs to comply with certain disclosure requests, defendants contend that Supreme Court erred in failing to provide more specific directives with respect to the requests for various financial documents pertaining to decedent's estate. We conclude on the record before us that Supreme Court provided defendants with all of the relief requested with regard to those financial documents and defendants thus

are not aggrieved by that part of the amended order (*see generally* CPLR 5511; *Pramco III, LLC v Partners Trust Bank*, 52 AD3d 1224, 1225). We therefore dismiss the appeal from that part of the amended order.

We agree with defendants, however, that they are entitled to further particularization concerning plaintiffs' allegation that they failed to maintain the motor vehicle that collided with decedent's motor vehicle, as well as their allegation that defendants' vehicle was "defective, unfit, unsafe, in a state of disrepair, and lacking necessary safety equipment." Although defendants are correct that plaintiffs failed to object to the numerous demands by defendants for such information, we nevertheless review the propriety of the demands, and we conclude that the demands were not palpably improper (*see Community Dev. Assn. v Warren-Hoffman & Assoc.*, 4 AD3d 755; *Kern v City of Rochester*, 261 AD2d 904, 905). To the extent that plaintiffs contend that they presently lack sufficient knowledge to respond to those demands, we conclude that plaintiffs must provide a sworn statement to that effect and to furnish a supplemental bill of particulars to defendants if and when they obtain such information during the course of disclosure (*see Laukaitis v Ski Stop*, 202 AD2d 554, 555; *Hughes v General Motors Corp.*, 106 AD2d 703, 703-704; *see generally Mahar v Fichte*, 298 AD2d 948). We therefore modify the amended order accordingly.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court