EDWARD ROSNER, Appellant-Respondent, *v.* U. S. WATERWAYS CORPORATION, Respondent-Appellant, and AMERICAN TRAMP SHIPPING DEVELOPMENT CORPORATION, Appellant, and EMANUEL KULUKUNDIS, Respondent.

First Department, April 24, 1951.

*William M. Chadbourne* of counsel (*Gerald B. O'Neill, Harry E. Hasselmann* and *Richard W. Dearborn* with him on the brief; *Chadbourne, Hunt, Jaeckel & Brown,* attorneys), for American Tramp Shipping Development Corporation, appellant, U. S. Waterways Corporation, respondent-appellant and Emanuel Kulukundis, defendant-respondent.

*George E. Beechwood* of counsel (*Allan A. Baillie* with him on the brief; *Nelson, Healy, Baillie & Burke,* attorneys), for Edward Rosner, appellant-respondent.

*Per Curiam.* For allegedly procuring from the United States Maritime Commission sale of a surplus United States tanker, plaintiff has judgment against defendant American Tramp Shipping Development Corporation (hereinafter " American ") in the sum of $199,371.12 after trial before the court and a jury. The judgment also dismisses (1) plaintiff's complaint against defendants U. S. Waterways Corporation and Emanuel Kulukundis and (2) Waterways' counterclaim against plaintiff. From the judgment against it, defendant Waterways appeals from dismissal of its counterclaim.

After review of the evidence, we reach the conclusion that this judgment in plaintiff's favor against American cannot stand but must be reversed on a number of grounds.

Plaintiff had the burden of proof that he was the procuring efficient or proximate cause of the result claimed, namely, that as a result of his efforts the United States Maritime Commission allocated the tanker in question to defendant American. Plaintiff himself admits that virtually all of the claimed services were performed by one Carroll with whom plaintiff had made a fifty/fifty split of his expected earnings or commissions. From Carroll's sketchy testimony, no causal relation whatever is established between what he said or did and the allocation of the tanker. Here, as in the case of *Moffett* v. *Arabian American Oil Co.* (85 F. Supp. 174 [1949], affd. 184 F. 2d 859, certiorari denied, 340 U. S. 948) in which the District Court set aside an enormous judgment in plaintiff's favor also entered on a jury's verdict for allegedly influencing the action of the United States Government, there is a failure of proof on plaintiff's part to meet the burden he had to sustain and

defendants' motion to dismiss on this ground should have been granted. In that case, the United States District Court also held that the alleged services were against public policy. On the appeal before us, the question of public policy is not raised and, accordingly, is not now considered.

Plaintiff's pleadings and bill of particulars alleged a written contract dated November 13, 1947. Plaintiff's recovery against American is based upon an alleged subsequent oral contract. Plaintiff's motion to conform the pleadings to the proof at the close of the case was denied by the trial court on the ground that such blanket motion could not be granted where there was objection, and plaintiff's trial counsel could not give " any specific instances where the pleadings have to be amended.'' Defendants' trial counsel at the close of plaintiff's case, and again at the close of the entire case, had moved to strike out all of plaintiff's testimony designed to or tending to vary the terms of the written contract between the parties on which the action was based. Defendants' motions should have been granted. The trial court in an opinion, written some months after the trial, recognized that plaintiff's recovery rested on the new oral promise but denied defendants' motion to dismiss because, the court said, the evidence was received without objection. This was error, as the above motions indicate and as the trial court itself recognized when it denied plaintiff's general motion to conform plaintiff's pleadings to the proof on the ground that objection had been made. The testimony from which the '' new promise '' was inferred should have been stricken out on defendants' motions. Without such testimony, plaintiff could not recover.

Plaintiff repeatedly testified and his verified pleadings allege that he had fully performed on or before December 16 or 17, 1947. A party must recover not only according to his proof but also according to his pleadings (*McCarthy* v. *Troberg*, 275 App. Div. 139 [1st Dept., 1949]). Accordingly, there was no consideration for the alleged new oral promise if made.

Plaintiff also testified to another oral promise by defendant Emanuel Kulukundis, allegedly representing defendant American, '' to assume '' and to pay '' the obligations '' of Anthony Couloucoundis and the U. S. Waterways Corporation under the written agreement of November 13, 1947. Assuming any officer of a corporation could have authority for such an unusual and extraordinary promise, the promise, if made, was void under the pleaded defense of the Statute of Frauds. (Personal Property Law, § 31, subd. 2.) It could not be a primary obliga-

tion as plaintiff was suing U. S. Waterways as well as American.

The court left the meaning of the written contract to the jury; the construction of the contract was for the court, not the jury; and under its terms and plaintiff's unamended pleadings and bill of particulars, plaintiff even if he procured the tanker, was not entitled to more than the amounts already paid.

Other errors there are on which we deem it unnecessary to comment because of the conclusion we have reached that the judgment against American must be reversed and the complaint dismissed.

The payments made by U. S. Waterways Corporations, however, were gratuitous or voluntary and may not now be recovered by Waterways on its counterclaim against plaintiff.

Although plaintiff appealed from the judgment insofar as it dismissed his complaint against U. S. Waterways Corporation and Emanuel Kulukundis, before this court plaintiff asks for affirmance unless a new trial be directed in which event he asks that it be directed as to plaintiff's claim against U. S. Waterways Corporation and Emanuel Kulukundis as well as against the other defendant.

The judgment appealed from should be modified as follows: on appeal by defendant American Tramp Shipping Development Corporation, the judgment against it in the sum of $199,371.12 in plaintiff's favor should be reversed, with costs of this appeal to American Tramp Shipping Development Corporation and the complaint dismissed, with costs; on appeal by defendant U. S. Waterways Corporation from so much of the judgment as dismissed its counterclaim against plaintiff and on appeal by plaintiff from so much of the judgment as dismissed his complaint against U. S. Waterways Corporation and Emanuel Kulukundis, the judgment appealed from should be affirmed, with costs of this appeal to Emanuel Kulukundis and, as so modified, the judgment should be affirmed.

GLENNON, J. P., DORE, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs of this appeal to the defendant-respondent Emanuel Kulukundis. Settle order on notice. [See 279 App. Div. 559.]