■ ANNA RANSOME, Appellant, v. BULL MARKETS, INC., Respondent.

HAMM, J. The plaintiff appeals from a dismissal of her complaint and a directed verdict in favor of the defendant at the close of all of the evidence. The defendant has admitted in its answer that it maintained a store for the sale of food, household products and other merchandise and further that adjoining the store building it maintained a parking area for the use of its patrons and other invitees. To reach the parking area automobilists were required to drive over

the sidewalk. The plaintiff's theory was that a hazardous situation was created on the public sidewalk by its being traversed by automobiles and that the defendant should be held liable since the defendant's invitees in proceeding from the street over the sidewalk onto the defendant's parking lot acted pursuant to the defendant's invitation and the defendant, by its invitation, created a dangerous condition which interfered with the lawful use of the sidewalk. On this appeal the plaintiff does not contend that she fell on the defendant's premises but rather on the portion of the public sidewalk which automobilists customarily used to reach the defendant's parking lot. She alleges specifically in her complaint that her accident took place on the public sidewalk and, in order to recover, she must prove that the accident occurred on the public sidewalk as she alleged. A party must recover not only according to the proof but also according to the pleadings (*Hekand* v. *Stockhammer*, 5 N Y 2d 877; *Rosner* v. *United States Waterways Corp.*, 278 App. Div. 168, 170, affd. 304 N. Y. 580). The only eyewitness was the plaintiff herself. The plaintiff gave testimony indicating that she fell on the public sidewalk. But on other occasions her testimony indicated that she fell on the defendant's parking lot. For instance, on the defendant's Exhibit A, a map of the vicinity, she placed an X and surrounded it with a circle to indicate the place of her fall. These designating marks were beyond the public sidewalk and within the defendant's parking area. In deciding the issue whether the plaintiff's evidence was sufficient to make out a prima facie case authorizing submission to the jury, we are guided by the rule that the facts adduced at the trial are to be considered in the aspect most favorable to the plaintiff and that the plaintiff is entitled to the benefit of any favorable inference which can reasonably be drawn from those facts (*Sagorsky* v. *Malyon*, 307 N. Y. 584, 586). However, to have submitted this case to the jury would have required the jury, as the trial court said, to speculate as to where the accident happened and a verdict in favor of the plaintiff would necessarily have been based on pure speculation. Order and judgment affirmed, without costs. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur.