■  EDITH MELINO, as Administratrix of the Estate of ANGELO MELINO, Deceased, Plaintiff, v. TOUGHER HEATING & PLUMBING CO., INC., et al., Defendants. TOUGHER HEATING & PLUMBING CO., INC., et al., Defendants and Third-Party Plaintiffs-Appellants, v. SYRACUSE INDUSTRIAL SALES COMPANY, Third-Party Defendant-Respondent, SYRACUSE INDUSTRIAL SALES COMPANY, Third-Party Defendant and Fourth-Party Plaintiff, v. OMARK INDUSTRIES, Fourth-Party Defendant-Respondent.— HAMM, J.  The appellants-defendants and third-party plaintiffs appeal from orders entered in March and April of 1963 dismissing their third-party complaint and amended third-party complaint and dismissing also the fourth-party complaint of the third-party defendant, which they impleaded. The history and chronology of the motions need not be detailed as the issues turn on the permissibility of a third-party complaint. The allegations of negligence in the main complaint are confined exclusively to the following allegations: "11. That the defendant, Donald Osterhoudt, so carelessly, recklessly and negligently operated the said industrial tool as to cause a metal bolt to be discharged into and through a wooden tool chest. 12. That after penetrating the tool chest and passing through the said tool chest it struck a steel post about five feet from the point of discharge. 13. That after striking the steel post, such bolt caromed or ricocheted off the steel post, striking the plaintiff's intestate in the lower right quadrant of the abdomen, penetrating it and causing, among other injuries, multiple lacerations of the small bowel and the great veins of the pelvis. 14. That solely as a result of the negligence of the defendant, Donald Osterhoudt, in the operation of such industrial tool, the plaintiff's intestate was * * * injured * * *. 15. That solely as a result of the negligence of the defendant, Donald Osterhoudt, the plaintiff's intestate also suffered severe mental and nervous shock. * * * 25. That as a result of the carelessness and recklessness of the defendant, Donald Osterhoudt, as aforesaid * * * the plaintiff's intestate * * * died". Where a defendant is alleged to be guilty only of active,

as distinguished from passive negligence, impleader is improper as a matter of law since an actively negligent tort-feasor is not entitled to indemnity in the absence of an express contract to indemnify (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447). It seems apparent that the plaintiff has not pleaded facts which can be interpreted as anything other than allegations that the defendants were actively negligent and no impleader is therefore permissible. However, the appellants assert that the plaintiff's bill of particulars charges them with passive as well as active negligence. Whether the plaintiff's particulars are susceptible of such construction is immaterial, since adoption of the appellants' contention would not create an issue. The frequent statement that the function of a bill of particulars is to amplify the pleading refers to amplification by particularization of the allegations of ultimate fact; it does not refer to expansion of the pleading but rather to limiting the proof by amplification confined to restricting particulars. "Many of the particulars sought would enlarge instead of limit defendants' pleading. Such particulars are not properly demanded, for a pleading may not be enlarged by a bill of particulars. The purpose of a bill of particulars is not to enlarge but to limit a pleading. See *Harmon* v. *Alfred Peats Co.*, 243 N. Y. 473 * * *; *DuPont Auto Dist.* v. *DuPont Motors*, 213 App. Div. 313." (*Burke* v. *Leitman*, 112 N. Y. S. 2d 31, 32–33, EAGER, J.) "A bill of particulars is not itself a pleading. While it is often said a bill of particulars may amplify a pleading, what is meant by that is that a bill may add specific statements of fact to a general allegation; but a bill may not supply an essential allegation which is lacking in the pleading, that is, it may not cure a defect in the pleading nor add or substitute a new theory or cause of action or defense." (4 Carmody-Wait, New York Practice, p. 621.) The main complaint charges only active negligence, a party must recover not only according to the proof but according to the pleading (*Hekand* v. *Stockhammer*, 5 N Y 2d 877; *Rosner* v. *U. S. Waterways Corp.*, 278 App. Div. 168, 170, affd. 304 N. Y. 580) and the possibility of amendment at trial to conform the pleading to the proof may not be considered on the issue of permissibility of the third-party complaint (*Putvin* v. *Buffalo Elec. Co.*, supra, p. 459). The third-party plaintiffs further demand recovery over on allegations which their brief terms contractual causes of action based on breach of warranty. Although third-party practice does, of course, give recognition and effect to contractual indemnity (*Putvin* v. *Buffalo Elec. Co.*, supra, p. 453) since the indemnitor would be "liable to [the indemnitee] for all or part of the plaintiff's claim against him" (CPLR 1007), the pleading here gives not the slightest indication of a "contract" expressing "a clear and unequivocal intent to indemnify a party against his own negligence" (*Jordan* v. *City of New York*, 3 A D 2d 507, 509, affd. 5 N Y 2d 723). Orders affirmed, with $20 costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.