■ RICHARD M. LEETE et al., Appellants, v APPLIED POWER, INC., et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of defendants, entered October 15, 1985 in Cortland County, upon a dismissal of the complaint by the court at Trial Term (Tait, Jr., J.), at the close of defendants' case.

On October 18, 1977, plaintiff Richard M. Leete (hereinafter plaintiff) was employed as a mechanic for De Ruyter Central School and was using its Lincoln arc welder to weld spokes onto the rim of a car tire when the tire exploded. At the time of the accident plaintiff was wearing a protective welding hood alleged to have been manufactured by defendant Marquette Manufacturing Company and sold to the school by defendant

Kellogg Auto Supply, Inc. The explosion projected hundreds of rubber pellets towards plaintiff's face with a velocity sufficient to break through the lenses of the welding hood. According to the uncontroverted testimony of defendants' expert in engineering, the blast was 39 times more powerful than applicable industry standards require impact-resistant lenses to withstand. Though plaintiff was fortunate to avoid eye damage, he did experience severe injuries to his face with resultant scarring and discomfort.

In this action plaintiff, and his wife derivatively, asserted three causes of action against defendants: negligence in failing to properly design and manufacture the lenses, strict liability in tort, and breach of express and implied warranties.

At trial, plaintiff sought to introduce testimony with respect to defendants' alleged negligence in failing to warn plaintiff concerning the proper use of the lenses. The trial court adopted defendants' argument that the complaint did not plead a cause of action for failure to warn and that the bill of particulars could not be used to expand the complaint to do so, and prohibited introduction of evidence on this issue. When the evidence was closed, the court entertained and granted defendants' motion to dismiss the complaint for not establishing a prima facie case. The court's ruling, precluding plaintiff from offering testimony on the failure to warn theory, to which exception was timely taken, prompts this appeal.

A cause of action can be predicated on a manufacturer's failure to provide adequate warnings regarding the use of a product *(Stone v Sterling Drug,* 111 AD2d 1017, 1019). For the complaint to be sufficient, however, it must, at a minimum, allege the "material elements" of that cause of action *(Peri v State of New York,* 66 AD2d 949, *affd* 48 NY2d 734). Compliance with this basic requirement is essential for it puts the opponent on notice as to the claim to be met *(Foley v D'Agostino,* 21 AD2d 60, 62).

Here, the only reference in the complaint said to give rise to a failure to warn claim is the following: "the negligence of the Defendants * * * includes * * * their failure to properly design, manufacture, inspect, test, repair and notify the Plaintiff * * * of the dangerous condition which existed when said lenses were sold to * * * Plaintiff's employer". This merely charges that the lenses were defective—which incidentally was neither specified nor proven at trial—and that defendants failed to alert plaintiff to that condition; it does not apprise defendants that the claim being asserted is that of failure to warn regarding proper product use.

In his bill of particulars, plaintiff averred that among the specific acts or omissions claimed to constitute negligence on defendants' part were a failure both "to provide adequate warning as to the proper and safe use of the mask and lenses" and instructions for the proper utilization of the mask and lenses. Contrary to the purpose of a bill of particulars, these additions not only enlarged rather than limited the pleadings, but they added a new theory, one not appearing in the complaint (see, Melino v Tougher Heating & Plumbing Co., 23 AD2d 616, 617). The trial court, quite correctly, concluded that a bill of particulars cannot cure an otherwise deficient pleading.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.