■ Kristina Linker, Appellant, v County of Westchester et al., Respondents. [625 NYS2d 289] —In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered September 1, 1993, as granted the defendants' motion to strike all references to their alleged intentional, willful, or wanton conduct from the plaintiff's amended verified bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is settled that a bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial *(see, Ferrigno v General Motors Corp.,* 134 AD2d 479, 480; *Scott v General Motors Corp.,* 117 AD2d 662; *Gausney v General Motors Corp.,* 115 AD2d 455). " 'Whatever the pleading pleads, the bill must particularize' since the bill is intended to '[afford] the adverse party a more detailed picture of the claim * * * being particularized' " *(Laukaitis v Ski Stop,* 202 AD2d 554, 555, quoting Siegel, NY Prac § 238, at 356-357 [2d ed]). A bill of particulars may not be used to allege a new theory not originally asserted in the complaint *(see, Bryant v City of New York,* 188 AD2d 446; *Willinger v Town of Greenburgh,* 169 AD2d 715; *Mavroudis v State Wide Ins. Co.,* 102 AD2d 864). Under the facts of the case at bar, the Supreme Court did not improvidently exercise its discretion in precluding the plaintiff from asserting in her amended bill of particulars references to the defendants' alleged intentional, willful, or wanton conduct

since these claims were not previously pleaded *(see, Thompson v Connor,* 178 AD2d 752). Moreover, contrary to the plaintiff's contentions, insofar as the plaintiff's original bill of particulars alleged negligence regarding the defendants' conduct in promoting and permitting players to throw souvenir hockey pucks into the stands at practices, the plaintiff will not be precluded from adducing evidence relevant thereto. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.