■ DONNA LEWIS et al., Appellants, v NEW YORK CITY HOUS-ING AUTHORITY, Respondent. [655 NYS2d 553] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 22, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment. The defendant's alleged negligence in maintaining the building was not a proximate cause of the infant plaintiff's injuries, which, as pleaded in the complaint and set forth in the notice of claim, resulted from the intentional act of another tenant (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327). To the extent that the complaint alleges that the defendant failed to protect the infant plaintiff from the aggression of another tenant, there is no liability based on the evidence in this case (*see, Firpi v New York City Hous. Auth.*, 175 AD2d 858).

The court correctly concluded that the plaintiffs could not assert a new theory of liability in opposition to the defendant's motion, based on a supplemental bill of particulars served approximately seven and one-half years after this action was commenced (*see, Leete v Applied Power*, 126 AD2d 796). Contrary to the plaintiffs' contention, the defendant would be prejudiced by an amendment of the complaint to conform to the proof at this late date. The plaintiffs' new theory of recovery is based on a factual scenario which is completely at odds with that alleged in the complaint. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.