■ BURTON R. SEBRING, Appellant-Respondent, v WHEATFIELD PROPERTIES Co., Respondent-Appellant, and SLC CONSULTANTS/CONSTRUCTORS, INC., Respondent. [680 NYS2d 383] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a dump truck driver employed by third-party defendant Mawhiney Trucking, Inc. commenced this action to recover damages for personal injuries he sustained in a work-related accident. Plaintiff backed his truck down an earthen ramp at a clay pit owned by defendant Wheatfield Properties Co. (Wheatfield), to the location where the truck was to be loaded with clay by employees of defendant SLC Consultants/Constructors, Inc. (SLC). In leaving his truck, plaintiff stepped down three steps of the truck and expected

that the fourth step would place him on the edge of the ramp. Instead, he fell four or five feet into the clay pit. His second amended complaint alleges only two causes of action: common-law negligence and the violation of Labor Law § 241 (6). The bill of particulars, however, refers to violations of Labor Law §§ 200 and 240 (1) in addition to Labor Law § 241 (6). After issue was joined, plaintiff moved for summary judgment on the issue of liability under all three Labor Law sections. Wheatfield cross-moved for summary judgment dismissing the Labor Law § 241 (6) cause of action and the Labor Law §§ 200 and 240 (1) claims. SLC cross-moved for summary judgment dismissing the Labor Law § 240 (1) claim and § 241 (6) cause of action.

The motions were made and addressed on the assumption that claims alleging violations of Labor Law §§ 200 and 240 (1) in addition to the Labor Law § 241 (6) cause of action were properly pleaded and before Supreme Court. The court denied plaintiff's motion in its entirety and granted that part of each defendant's cross motion with respect to Labor Law § 240 (1) and § 241 (6), thus leaving in existence the Labor Law § 200 claim and the common-law negligence cause of action against both defendants. Plaintiff appeals and Wheatfield cross-appeals.

A bill of particulars generally may not supply an allegation that is missing from the complaint, and " 'it may not cure a defect in the pleading nor add or substitute a new theory or cause of action or defense' " (*Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 617; *see, Leete v Applied Power,* 126 AD2d 796, 798). Under the circumstances of this case, however, and because the parties could stipulate to a third amended complaint alleging Labor Law §§ 200 and 240 (1) causes of action (*see,* CPLR 3025 [b]), we will address those claims as if the complaint had been de facto amended.

The court properly granted that part of each defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim (*see, Ozzimo v H.E.S., Inc.,* 249 AD2d 912; *Radka v Miller Brewing,* 182 AD2d 1111, 1111-1112).

The court erred, however, in denying the cross motion of Wheatfield for summary judgment dismissing the Labor Law § 200 claim against it. Wheatfield established that it did not supervise or control the work of plaintiff or his employer, and plaintiff failed to raise an issue of fact (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Bauer v Niagara Mohawk Power Corp.,* 249 AD2d 948). Thus, we modify the order by granting in part the cross motion of Wheatfield for sum-

mary judgment and dismissing the Labor Law § 200 claim against it. We make no determination concerning that claim against SLC because SLC did not cross-move for summary judgment on it.

The court further erred in granting that part of each defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. Although five of the six regulations relied upon by plaintiff, 12 NYCRR 23-1.7 (b) and (d) and 23-1.23 (a), (b) and (d), do not apply to this case, factual issues at least arguably exist with respect to the applicability of 12 NYCRR 23-1.23 (c). Thus, we further modify the order by denying in part each defendant's cross motion for summary judgment and reinstating the Labor Law § 241 (6) cause of action. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.