■ ERICA Y. DARRISAW, as Administratrix of the Estate of DOLORES N. SCHULYER, Deceased, Appellant, v STRONG MEMO-RIAL HOSPITAL, a Division of UNIVERSITY OF ROCHESTER, et al., Respondents. [902 NYS2d 286]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 10, 2008 in a medical malpractice action. The order granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff's decedent in this negligence action was injured when she fell at defendant hospital, fracturing her ankle. Decedent was seated in a chair in her hospital room, and she refused the offer of defendant nurse to assist her in leaving the chair in order to walk around the nurses' station. According to decedent, defendant nurse touched her arm while she was attempting to stand. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. In support of their motion, defendants submitted the deposition testimony of decedent in which she stated that defendant nurse did not apply force to her arm in any way that caused her to fall. When asked if she knew what caused her to fall, decedent stated that she did not know, but that she may have been startled by defendant nurse's light touch to her elbow. Defendants thus established their entitlement to judgment as a matter of law, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). " 'Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation' " (*McGill v*

*United Parcel Serv., Inc.*, 53 AD3d. 1077, 1077 [2008]; *see Robinson v Lupo*, 261 AD2d 525, 525-526 [1999]).

We further conclude that plaintiff improperly contended for the first time in opposition to defendants' motion that defendants failed to provide decedent with adequate supervision, and we therefore do not address that contention. Plaintiff alleged in the complaint that decedent was injured specifically because defendant nurse "carelessly and negligently grabbed [decedent's] arm causing her to fall to the floor." We therefore conclude that there is no reference in the complaint to the adequacy of the supervision provided to decedent. "[A] new theory, presented for the first time in opposition to a motion for summary judgment, cannot bar relief which is otherwise appropriate" (*Yaeger v UCC Constructors*, 281 AD2d 990, 991 [2001] [internal quotation marks omitted]; *see Marchetti v East Rochester Cent. School Dist.*, 26 AD3d 881 [2006]). Even assuming, arguendo, that plaintiff may be deemed to have raised that theory of liability in the bill of particulars, we similarly conclude that it should not be addressed. It is well settled that "a bill of particulars is intended to amplify the pleadings, limit the proof, and prevent surprise at trial . . . Whatever the pleading pleads, the bill must particularize since the bill is intended to [afford] the adverse party a more detailed picture of the claim . . . being particularized . . . A bill of particulars may not be used to allege a new theory not originally asserted in the complaint" (*Linker v County of Westchester*, 214 AD2d 652, 652 [1995] [internal quotation marks omitted]; *see Melino v Tougher Heating & Plumbing Co.*, 23 AD2d 616, 616-617 [1965]). "[T]he pleading here gives not the slightest indication" of a theory of liability of negligent supervision (*Melino*, 23 AD2d at 617).

All concur except Peradotto and Green, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Peradotto and Green, JJ. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges negligent supervision.

As noted by the majority, plaintiff's decedent in this negligence action was injured when she fell at defendant hospital, fracturing her ankle. Decedent was sitting in a chair in her hospital room when defendant nurse (nurse) informed her that decedent needed to take a walk. The nurse offered to assist decedent in getting up from the chair, but decedent declined that offer. While decedent was in the process of standing up, the nurse touched

decedent's right elbow. According to decedent, the nurse's actions startled her and she fell to the floor.

In our view, defendants failed to establish as a matter of law that they provided decedent with adequate supervision or that any failure to supervise decedent in a proper manner was not a proximate cause of her fall (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *M.S. v County of Orange*, 64 AD3d 560, 561-562 [2009]). In support of their motion, defendants contended only that decedent's deposition testimony established that the nurse did not apply sufficient force to decedent's arm to cause decedent to fall, and that decedent did not know what caused her to fall. Defendants did not so much as assert, let alone establish, that they provided adequate assistance to decedent in ascending from the chair or that they adequately supervised decedent to prevent her from falling. Indeed, the nurse testified at her deposition that she did not assist decedent in getting up from the chair even though decedent told her that another hospital employee had helped her walk to the chair and that decedent required the assistance of a cane in ambulating. Defendants also submitted the deposition testimony of decedent, in which she stated that the nurse did not catch her or lower her to the ground. Thus, in our view, by their own submissions defendants raised an issue of fact whether the nurse should have done more to assist decedent in getting up from the chair or in preventing decedent from falling.

Contrary to the conclusion of the majority, plaintiff did not contend for the first time in opposition to defendants' motion that defendants failed to provide decedent with adequate supervision. Rather, decedent alleged in her bill of particulars that defendants "failed to prevent [her] from falling to the floor." We further disagree with the majority's conclusion that plaintiff raised a new theory of liability in her bill of particulars by alleging that defendants failed to prevent her from falling to the floor. The majority relies on, inter alia, *Linker v County of Westchester* (214 AD2d 652, 652 [1995]) for the proposition that "[a] bill of particulars may not be used to allege a new theory not originally asserted in the complaint." In that case, the Second Department concluded that the motion court did not improvidently exercise its discretion in precluding the plaintiff from amending her bill of particulars in a negligence action to include references to the defendants' "intentional, willful, or wanton conduct since [such] claims were not previously pleaded" (*id.* at 652-653). Here, the complaint asserts a cause of action sounding in negligence based on the conduct of the nurse in touching decedent's arm and, as amplified by the bill of

particulars, based on defendants' alleged failure to provide decedent with adequate supervision (*see generally Gross v Hertz Local Edition Corp.*, 72 AD3d 1518 [2010]). Thus, the bill of particulars in this case did not allege a new theory of liability but, rather, appropriately specified "the acts or omissions constituting the negligence claimed" in the complaint (CPLR 3043 [a] [3]).

Inasmuch as defendants failed to meet their initial burden with respect to the claim that they failed to provide decedent with adequate supervision, we conclude that the burden never shifted to plaintiff to raise a triable issue of fact with respect to that claim (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). We therefore would modify the order by denying defendants' motion in part and reinstating the complaint insofar as the complaint, as amplified by the bill of particulars, alleges negligent supervision. Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.