DeMartino v Kronhaus (2018 NY Slip Op 00974)





DeMartino v Kronhaus


2018 NY Slip Op 00974


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.


86 CA 17-01300

[*1]NICHOLAS DEMARTINO, PLAINTIFF-RESPONDENT,
v
RICHARD M. KRONHAUS, M.D., ET AL., DEFENDANTS, AND CROUSE HOSPITAL, DEFENDANT-APPELLANT. 






GALE GALE & HUNT, LLC, SYRACUSE (MATTHEW J. VANBEVEREN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KUEHNER LAW FIRM, PLLC, SYRACUSE (KEVIN P. KUEHNER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 1, 2017. The order, insofar as appealed from, denied the motion of defendant Crouse Hospital for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Crouse Hospital is granted and the complaint against it is dismissed.
Memorandum: In this medical malpractice action, defendant Crouse Hospital (hospital) appeals from an order that, inter alia, denied its motion for summary judgment dismissing the complaint against it. We agree with the hospital that Supreme Court should have granted the motion.
It is well settled that " [a] plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for negligence for the first time in opposition to the motion' " (Marchetti v East Rochester Cent. Sch. Dist., 26 AD3d 881, 881 [4th Dept 2006]; see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]). Here, the complaint alleged, inter alia, negligence on the part of the hospital's "employees, agents, apparent agents, independent contractors and/or staff members," none of whom was sued by plaintiff. The complaint also alleged a theory of vicarious liability against the hospital.
In its demand for a bill of particulars, the hospital asked plaintiff to identify the employee or employees whose actions allegedly gave rise to the hospital's vicarious liability. Plaintiff's bill of particulars identified one of the other defendants, a physician in private practice who merely had privileges at the hospital (physician defendant), as the person whose actions gave rise to the hospital's vicarious liability. The bill of particulars did not allege that the hospital was vicariously liable for anyone else's actions, nor did it specifically allege that any of the hospital's nurses were negligent.
Following discovery, the hospital moved for summary judgment dismissing the complaint against it, contending that the physician defendant was not its employee and that the hospital therefore could not be held vicariously liable for his alleged negligence. In opposing the motion, plaintiff did not address the hospital's contention with respect to the physician defendant's employment status and instead argued for the first time that two of the hospital's nurses were negligent and that the hospital was vicariously liable for their actions. In our view, that is a new theory of recovery and thus could not be used by plaintiff to defeat the hospital's motion (see Darrisaw, 74 AD3d at 1770). We note that plaintiff did not move to amend the bill of particulars to allege that the hospital was vicariously liable for the nurses' negligence. Inasmuch as plaintiff [*2]did not dispute that the hospital was not vicariously liable for the alleged negligence of the physician defendant, there was no basis to deny the motion, which we now grant.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court