Valette v Correa (2023 NY Slip Op 02599)

Valette v Correa

2023 NY Slip Op 02599

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 26722/15 Appeal No. 227 Case No. 2022-01433 

[*1]Denise Valette, as Administratrix of the Estate of Virtudes Valette, Deceased, Plaintiff-Respondent,
v
Michael Correa, M.D., et al., Defendants, Rohini Haar, M.D., et al., Defendants-Appellants.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), Counsel), for appellants.
Godosky & Gentile, P.C., New York (James W. King of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about February 8, 2022, which, to the extent appealed from as limited by the briefs, denied defendants Rohini Haar, M.D. and Mount Sinai St. Luke's Hospital's (defendants) motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
In this medical malpractice action, plaintiff's opposition to defendants' motion for summary judgment relied on failure to diagnose and treat early-stage sepsis, a theory that had not been sufficiently pleaded to avoid surprise and prejudice to defendants when she raised that theory in her opposition (see e.g. Valenti v Camins, 95 AD3d 519, 523 [1st Dept 2012]; Biondi v Behrman, 149 AD3d 562, 564 [1st Dept 2017], lv dismissed & denied 30 NY3d 1012 [2017]; DB v Montefiore Med. Ctr., 162 AD3d 478, 478-479 [1st Dept 2018]).
Plaintiff's pleadings did not put defendants on notice of the sepsis theory upon which her expert relied to raise an issue of fact as to malpractice (see e.g. Cordero v 1278 Mini Market Inc., 193 AD3d 479, 480 [1st Dept 2021]). The bills of particulars generally alleged that defendants failed to properly diagnose and treat decedent, but the specific allegations tailored plaintiff's theory to failure to diagnose and treat a cardiac condition. Neither the complaint nor the bills of particulars refer to infection and sepsis. Although they generically identified conditions allegedly overlooked by defendants, they did not identify the conditions upon which her expert relied to opine that additional testing was necessary to rule out early-stage sepsis.
Plaintiff's questions at the relevant examinations before trial also did not put defendants on notice that she was claiming failure to diagnose and treat early-stage sepsis (see e.g. Valenti, 95 AD3d at 523). Although plaintiff asked a few questions about infection and sepsis, her attorney's focus was on cardiac conditions and pulmonary embolism, consistent with the bills of particulars. Moreover, she asked no questions about the Systematic Inflammatory Response Syndrome (SIRS) criteria on which her expert relies, or the specific SIRS criteria that her expert claims decedent exhibited, namely, low heart rate and high respiratory rate. Indeed, plaintiff did not request defendant hospital's SIRS protocol in discovery. Thus, Supreme Court should not have considered plaintiff's new theory, and her opposition to summary judgment, which undisputedly turned on this new theory, failed to properly raise an issue of fact (see Biondi, 149 AD3d at 563-564).
Further, plaintiff failed to raise an issue of fact as to whether any alleged malpractice was a substantial factor in causing the injury (see Mortensen v Memorial Hosp., 105 AD2d 151 [1984]). Plaintiff's expert's opinion regarding proximate cause was conclusory because he did not address intervening treatment by [*2]her personal doctor (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; cf. Adams v Pilarte, 152 AD3d 97, 101-102 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023