Guyett v Kaleida Health (2024 NY Slip Op 03617)

Guyett

2024 NY Slip Op 03617

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

322 CA 23-00626

[*1]LISA GUYETT AND JEFFREY GUYETT, PLAINTIFFS-RESPONDENTS,
v
KALEIDA HEALTH, BUFFALO GENERAL HOSPITAL, MAHMOUD KULAYLAT, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS KALEIDA HEALTH, AND BUFFALO GENERAL HOSPITAL.
SUGARMAN LAW FIRM, LLP, BUFFALO (MARINA A. MURRAY OF COUNSEL), FOR DEFENDANT-APPELLANT MAHMOUD KULAYLAT, M.D.

Appeals from an order of the Supreme Court, Erie County (John B. Licata, J.), entered March 22, 2023. The order, insofar as appealed from, denied the motion of defendant Mahmoud Kulaylat, M.D., for summary judgment and denied in part the motion for summary judgment of defendants Kaleida Health and Buffalo General Hospital. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants Kaleida Health and Buffalo General Hospital is granted in its entirety, the motion of defendant Mahmoud Kulaylat, M.D. is granted, and the complaint is dismissed against those defendants.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries allegedly sustained by Lisa Guyett (plaintiff) as a result of an open appendectomy and ileocecectomy performed by Mahmoud Kulaylat, M.D. (defendant). Defendants Kaleida Health and Buffalo General Hospital (Hospital defendants) maintained and operated the hospital in which the surgery was performed. Plaintiffs raised numerous claims of medical malpractice by defendant, vicarious liability of the Hospital defendants, and negligence by hospital staff. Following discovery, defendant and the Hospital defendants separately moved for summary judgment dismissing the complaint. Supreme Court granted that part of the Hospital defendants' motion for summary judgment dismissing all direct negligence claims against them, denied that part of their motion for summary judgment dismissing the vicarious liability claims against them, and denied defendant's motion in its entirety. Defendant appeals from the order, and the Hospital defendants appeal from the order insofar as it denied their motion. We reverse the order insofar as appealed from, grant the motions in their entirety, and dismiss the complaint in its entirety against defendant and the Hospital defendants.
Inasmuch as the Hospital defendants' only remaining potential basis for liability is vicarious liability related to defendant, we begin our analysis with the issues concerning defendant's alleged liability. We agree with defendant and the Hospital defendants that they met their initial burdens of establishing that defendant did not deviate from the standard of care in treating plaintiff and, in any event, any deviation was not a proximate cause of plaintiff's injuries (see generally Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]). We further agree with defendant and the Hospital defendants that plaintiffs failed to raise a triable issue of fact with respect to defendant's [*2]deviation from the applicable standard of care (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In their complaint and bills of particulars, plaintiffs alleged that defendant, inter alia, "failed to properly, timely and adequately diagnose[ ] and treat [p]laintiff," thereby "causing a more extensive surgical procedure and recovery, extensive scarring and a prolonged period of disability" (emphasis added). The crux of plaintiffs' contention was that defendant failed to "timely and properly perform a surgical procedure" (emphasis added). Defendant and the Hospital defendants interpreted such claims as alleging that liability was based on a delay in performing the appendectomy, resulting in a "more extensive surgery" and greater injuries. The interpretation of defendant and the Hospital defendants is supported by the lines of questioning at various depositions delving into why surgery was delayed, whether the rupture of the appendix occurred during that period of delay, and whether the prudent course of treatment for a person presenting with a ruptured appendix would be "getting her into surgery." 
By contrast, in opposition to the motions of defendant and the Hospital defendants, plaintiffs contended that defendant was negligent in his performance of the appendectomy and ileocecectomy. Plaintiffs' expert opined that "[t]he standard of care for a patient with complicated subacute appendicitis with phlegmon, who is hemodynamically stable . . . is admission to the hospital with intravenous antibiotics followed by a percutaneous drainage of any abscesses if necessary." Thus, plaintiffs' expert opined, it was "a deviation [from] the standard of care to first perform surgery" on plaintiff, i.e., according to plaintiffs' expert, defendant should not have performed an appendectomy but, instead, should have commenced intravenous antibiotic treatment and then performed drainage of any abscesses. It should be noted that plaintiff did, in fact, receive intravenous antibiotics within hours of her admission.
We agree with defendant and the Hospital defendants that plaintiff impermissibly raised a new theory of liability for the first time in opposition to the motions. "It is well settled that a plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting a new theory of liability for negligence for the first time in opposition to the motion" (DeMartino v Kronhaus, 158 AD3d 1286, 1286 [4th Dept 2018] [internal quotation marks omitted]; see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]; Hatch v St. Joseph's Hosp. Health Ctr., 174 AD3d 1404, 1405-1406 [4th Dept 2019]). The complaint and bills of particulars centered around allegations that defendant delayed in performing the appendectomy. It is true that a generic contention that a defendant "failed to properly diagnose and treat" a certain condition can encompass new allegations regarding the precise nature of the alleged negligence (Braxton v Erie County Med. Ctr. Corp., 208 AD3d 1038, 1042 [4th Dept 2022]; see Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]; Bubar, 177 AD3d at 1361). Here, however, we conclude that plaintiffs altered their underlying theory of liability, inasmuch as the complaint and bills of particulars alleged that the surgery was unduly delayed and did not in any way allege that surgery was improper (see generally Darrisaw, 74 AD3d at 1770). Inasmuch as plaintiffs' new theory of liability may not be used to defeat the motions (see Walker v Caruana, 175 AD3d 1807-1808 [4th Dept 2019]), we conclude that plaintiffs failed to raise a triable issue of fact.
Based on our determination, we do not address the remaining contentions of defendant and the Hospital defendants.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court