Clark v Cucinotta (2024 NY Slip Op 03620)

Clark

2024 NY Slip Op 03620

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

327 CA 23-01196

[*1]GERALDINE CLARK AND MOSES CLARK, PLAINTIFFS-APPELLANTS,
v
JOHN CUCINOTTA, M.D., ET AL., DEFENDANTS, CROUSE HOSPITAL EMERGENCY DEPARTMENT, CROUSE HEALTH HOSPITAL, INC., AND KRISTA J. KANDEL, M.D., DEFENDANTS-RESPONDENTS.

ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GALE GALE & HUNT, LLC, FAYETTEVILLE (ANDREW R. BORELLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CROUSE HOSPITAL EMERGENCY DEPARTMENT AND CROUSE HEALTH HOSPITAL, INC.
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-RESPONDENT KRISTA J. KANDEL, M.D.

Appeal from an order of the Supreme Court, Onondaga County (Rory A. McMahon, J.), entered May 16, 2023. The order granted the motions of defendants Crouse Hospital Emergency Department, Crouse Health Hospital, Inc., and Krista J. Kandel, M.D., to preclude certain evidence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motions insofar as they seek to preclude plaintiffs from offering testimony or evidence that plaintiff Geraldine Clark suffered from a transient ischemic attack or that defendants failed to diagnose that condition, and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs appeal from an order that, inter alia, granted the motions of defendants Krista J. Kandel, M.D., Crouse Health Hospital, Inc., and Crouse Hospital Emergency Department (hospital defendants) insofar as they seek to preclude plaintiffs from offering any testimony or evidence regarding alleged deviations from the standard of care by Dr. Kandel that were not alleged in their bill of particulars. The hospital defendants seek to preclude plaintiffs from introducing what they deem to be a new theory of liability, specifically, that Geraldine Clark (plaintiff) suffered a transient ischemic attack (TIA) and that the hospital defendants were negligent in failing to diagnose that TIA. We agree with plaintiffs that Supreme Court erred in granting the hospital defendants' motions in that respect, and we therefore modify the order accordingly.
In determining whether a new theory of liability has been improperly alleged by a plaintiff, we must initially focus on the allegations in the complaint (see generally Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]), and examine whether the allegedly new theory was "sufficiently pleaded to avoid surprise and prejudice to defendants" (Valette v Correa, 216 AD3d 500, 500 [1st Dept 2023]; see generally Byrnes v Satterly, 85 AD3d 1711, 1712 [4th Dept 2011]).
Here, the complaint alleged, inter alia, that the symptoms plaintiff experienced shortly before her admission "were compatible with stroke, or a [TIA]," that Dr. Kandel was negligent in failing to "rule[ ] out stroke and/or TIA" before plaintiff was discharged, and that the hospital defendants were negligent in "failing to observe, examine, diagnose and attend to plaintiff's [*2]condition" while she was under their care. Further, plaintiffs' bill of particulars, which appropriately amplifies the allegations in the complaint (see generally Darrisaw, 74 AD3d at 1770; Randall v Pech, 51 AD2d 864, 865 [4th Dept 1976]), reiterates that plaintiff's symptoms prior to admission "were compatible with stroke, or a [TIA]," and further that Dr. Kandel was negligent by, inter alia, "failing to . . . diagnose and attend to [plaintiff's] condition," failing to "diagnose and examine [plaintiff] in accordance with acceptable medical practices," and "failing to rule out stroke or TIA before discharging" plaintiff. We therefore conclude that, contrary to the court's determination, the alleged failure to diagnose a TIA is not a new theory of liability, inasmuch as plaintiffs have consistently alleged that plaintiff suffered from a stroke or a TIA before admission and that the hospital defendants were negligent in failing to diagnose a stroke or a TIA or rule out those conditions before she was discharged (see Braxton v Erie County Med. Ctr. Corp., 208 AD3d 1038, 1041-1042 [4th Dept 2022]; Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court