Kristie M. v Mercy Hosp. of Buffalo (2025 NY Slip Op 04321)

Kristie M. v Mercy Hosp. of Buffalo

2025 NY Slip Op 04321

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

393 CA 24-00478

[*1]KRISTIE M., AS PARENT AND NATURAL GUARDIAN OF BRAYDEN M., AN INFANT, PLAINTIFF-RESPONDENT,
v
MERCY HOSPITAL OF BUFFALO AND CATHOLIC HEALTH SYSTEM, INC., DEFENDANTS-APPELLANTS. 

BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered March 14, 2024 in a medical malpractice action. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her son as a result of the alleged medical malpractice of agents, staff, and personnel affiliated with defendants in treating the infant following his premature birth. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendants appeal. We affirm.
Initially, we note that defendants' contentions on appeal rely on an outdated standard governing the burden shifting analysis for summary judgment motions in medical malpractice actions by citing to O'Shea v Buffalo Med. Group, P.C. (64 AD3d 1140 [4th Dept 2009], appeal dismissed 13 NY3d 834 [2009]). Under the current standard, "a defendant moving for summary judgment in a medical malpractice action has the [initial] burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]). "[T]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant . . . meets the initial burden . . . , and only as to the elements on which the defendant met the prima facie burden" (Bubar, 177 AD3d at 1359).
Here, defendants met their initial burden on the motion with respect to deviation from the accepted standard of care and proximate causation through the submission of their expert physician affidavit, which was "detailed, specific and factual in nature" and addressed each negligence claim raised in claimant's bill of particulars (Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1469 [4th Dept 2020] [internal quotation marks omitted]). The burden thus shifted to plaintiff "to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendant['s] departure from that standard of care was a proximate cause of the [alleged] injur[ies]" (Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022] [internal quotation marks omitted]; see Bubar, 177 AD3d at 1359). We conclude that plaintiff raised triable issues of fact with respect to both deviation and proximate causation. Plaintiff's "expert affirmation is sufficient to raise an issue of fact, inasmuch as . . . it does not misstate[ ] the facts in the record and it is not vague, conclusory, [or] speculative" (Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020] [internal quotation [*2]marks omitted]; cf. Bubar, 177 AD3d at 1362), and "squarely opposes the [affidavit] of the moving parties' expert, . . . result[ing] [in] a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
Contrary to defendants' contention in reply, plaintiff did not improperly raise a new theory of malpractice for the first time in opposition to the motion for summary judgment (see Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]; Marchetti v East Rochester Cent. School Dist., 26 AD3d 881, 881 [4th Dept 2006]). "In determining whether a new theory of liability has been alleged by a plaintiff in opposition to a defendant's motion for summary judgment, [the court] must initially focus on the allegations in the complaint" (Braxton v Erie County Med. Ctr. Corp., 208 AD3d 1038, 1041 [4th Dept 2022]) "and examine whether the allegedly new theory was 'sufficiently pleaded to avoid surprise and prejudice to defendants' " (Clark v Cucinotta, 229 AD3d 1106, 1107 [4th Dept 2024]; see Valette v Correa, 216 AD3d 500, 500 [1st Dept 2023]). "[I]n a medical malpractice action, a plaintiff's bill of particulars need only make a reasonable attempt to amplify the pleading, limit the proof and prevent surprise at trial" (Braxton, 208 AD3d at 1041 [internal quotation marks omitted]). Here, plaintiff's complaint, original bill of particulars, and amended bill of particulars have consistently provided notice that her cause of action for medical malpractice asserts that defendants and those for whom they are responsible failed to properly diagnose her son, and thus we conclude that she "did not rely on a 'new theor[y] of liability' . . . in opposing [defendants'] motion" (Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]; see Braxton, 208 AD3d at 1042). To the extent that defendants contend that plaintiff asserted a theory of liability in her bill of particulars that was not pleaded in the complaint and, therefore, was untimely, defendants waived that contention by not moving for partial summary judgment on any part of plaintiff's cause of action for medical malpractice on that basis (see CPLR 3212 [e]). Although a theory of liability may be embedded in a cause of action, it may be dismissed on summary judgment only if the motion provides notice that it seeks to have that theory of malpractice dismissed as a distinct part of the particular cause of action (see CPLR 2214 [a]; 3212 [e]).
In light of our determination, we do not address defendants' remaining contention.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court