Lorenzo v Sankin

2026 NY Slip Op 02067

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Americo Lorenzo et al., Appellants,

v

Alexander Sankin, M.D., et al., Respondents, John McAuliffe, M.D., Defendant.

Decided and Entered: April 07, 2026

Index No. 30245/20|Appeal No. 6308|Case No. 2025-03548|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Wolf & Fuhrman, LLP, Bronx (Marvin Fuhrman of counsel), for appellants.

Yoeli Gottlieb & Etra LLP, New York (Ryne Duchmann of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Michael Frishman, J.), entered on or about June 4, 2025, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, except to the extent the causes of action related to defendant Sankin's alleged failure to perform a lymphadenectomy, including plaintiff Lourdes Lorenzo's claim for loss of consortium, unanimously affirmed, without costs.

The motion court correctly found that plaintiffs' opposition to the summary judgment motion improperly raised a new theory of malpractice not asserted in the pleadings, namely that Dr. Sankin departed from good and accepted medical practice by monitoring plaintiff Americo Lorenzo under an active surveillance (AS) protocol rather than performing surgery (see Khurdayan v Kassir, 223 AD3d 590, 591 [1st Dept 2024]; Valette v Correa, 216 AD3d 500, 500 [1st Dept 2023]). Plaintiffs' bills of particulars alleged just the opposite; i.e., that defendants were negligent in performing the surgery, rather than continuing with AS or performing radiation therapy. Similarly, plaintiffs claimed in their bills of particulars that genetic testing was functionally useless and that defendants should not have relied upon it in deciding to proceed with surgery, and that a further biopsy should have been conducted in 2019 prior to recommending an invasive surgical procedure. However, plaintiffs reversed this position in opposing the motion, arguing that defendants were negligent in not performing genetic testing in 2016, testing which they claim would have shown that plaintiff's surgery should have been performed without delay.

Further, plaintiffs' complaint states that defendants' negligence occurred beginning on March 25, 2019, the date of plaintiff's surgery, and the dates of malpractice are listed in the bills of particulars as September 20, 2018 to October 19, 2020. Their opposition to the summary judgment motion, however, dates the malpractice from July of 2016, when Americo Lorenzo's biopsy was suspicious for prostate cancer.

Plaintiffs' claim that the motion court unfairly cited to their bill of particulars for Montefiore in ascertaining their pleaded theory of malpractice is unavailing. Montefiore's alleged negligence is vicarious with respect to Dr. Sankin's actions, so the allegations in Montefiore's bill of particulars regarding the decision to first employ an AS protocol and later recommend surgery can only refer to the acts and omissions of Dr. Sankin (see generally Suits v Wyckoff Heights Med. Ctr., 84 AD3d 487 [1st Dept 2011]).

Finally, to the extent plaintiffs argue that defendants should have been on notice of the theory advanced in their opposition to the motion for summary judgment, we note that there is no specific line of questioning in Dr. Sankin's deposition that should have alerted defendants to the fact that plaintiffs had radically changed their theory of malpractice.

[*2]

We have considered plaintiffs remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026