■ IMMANUEL MALONE, an Infant, by His Mother and Natural Guardian, ELAINE MALONE, Respondent, v CHOONG W. KIM, M.D., et al., Defendants, and ALEX BOAFO, M.D., Appellant. [947 NYS2d 58]—

Order, Supreme Court, Bronx County (Stanley B. Green, J.), entered October 18, 2011, which denied the motion of defendant Alex Boafo, M.D., for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The record shows that the infant plaintiff's mother, who was approximately 29 weeks pregnant, went to defendant hospital because she was having contractions. The mother was admitted to rule out pre-term labor and was started on magnesium sulfate, in an attempt to stop pre-term labor. She was also given the first of two doses of a steroid, to hasten fetal lung maturity, and underwent a sonogram.

Defendant Boafo, a perinatologist, performed and interpreted the sonogram. Dr. Boafo found that the umbilical cord and one of the infant's arms was prolapsing into the lower segment of the uterus. Dr. Boafo reported these findings to the mother's treating obstetrician and recommended immediate delivery. Three and a half hours later, the treating obstetrician performed a cesarean section.

In a medical malpractice action, a plaintiff must establish a deviation or departure from accepted practice and that such departure was a proximate cause of the plaintiff's injuries (*see Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [2009]). To constitute proximate cause, the physician's negligence must be a "substantial factor" in causing the injury (*Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]).

Here, dismissal of the complaint as against Dr. Boafo is warranted since he established his entitlement to summary judgment as a matter of law and plaintiff failed to raise a triable issue of fact. Dr. Boafo submitted evidence showing that his recommendation, that the infant plaintiff be delivered im-

mediately, did not proximately cause the injuries sustained by the infant plaintiff. Although the treating obstetrician testified that he heeded Dr. Boafo's advice, he did not immediately follow the recommendation of delivery. Rather, the obstetrician decided to wait several hours, as he felt that there was no emergency situation present and he wanted to allow time for the steroids to improve the infant plaintiff's fetal lung maturity. The obstetrician later made an independent decision, as the mother's treating physician, to perform the cesarean section, for which he took sole responsibility. The obstetrician testified that he decided to perform the cesarean section based upon, inter alia, his belief that the attempt to stop pre-term labor had failed, there were certain changes in the fetal heart rate pattern, and there was a possible amniotic fluid leak. Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.