Sloan v Lawrence Nursing Care Ctr., Inc. (2022 NY Slip Op 06075)

Sloan v Lawrence Nursing Care Ctr., Inc.

2022 NY Slip Op 06075

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 26294/16E Appeal No. 16558 Case No. 2022-00079 

[*1]Angela Sloan, Plaintiff- Respondent,
v
Lawrence Nursing Care Center, Inc., Defendant, David Jacobson, D.O., Defendant- Appellant.

Keller, O'Reilly and Watson, P.C., Woodbury (Anna Bonventre of counsel), for appellant.
Silver & Kelmachter, LLP, New York (Leslie D. Kelmachter of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered July 30, 2021, which denied defendant David Jacobson, D.O.'s motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Dr. Jacobson made out a prima facie case of entitlement to summary judgment by submitting an affirmation from a medical expert establishing that his care of plaintiff in setting her mobility plan comported with good and accepted practice (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [1st Dept 2008]). In opposition to this prima facie showing, plaintiff's expert's conclusory and speculative opinions were insufficient to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 545 [2002]; Gill v Calfee, 206 AD3d 492 [2022]). Moreover, since plaintiff alleges that her fall occurred while left unattended, and the doctor's mobility plan required close contact supervision during times of mobility, the plan itself was not a proximate cause of plaintiff's fall (see Malone v Kim, 96 AD3d 477 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022