Ameziani v Subramanyam (2023 NY Slip Op 01759)

Ameziani v Subramanyam

2023 NY Slip Op 01759

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Oing, Gesmer, Mendez, Shulman, JJ. 

Index No. 805023/17 Appeal No. 17631-17632 Case No. 2022-03090, 2022-04269 

[*1]Lourdes Ameziani et al., Respondents,
v
Bala Subramanyam, M.D., Appellant, Lena Selitsky et al., Defendants. 

Dorf & Nelson LLP, Rye (John L.A. Lyddane of counsel), for appellant.
Zuller Law Offices, New York (Michael E. Zuller of counsel), for respondents.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered August 9, 2022, upon a jury verdict in favor of plaintiff and apportioning liability against defendant Dr. Bala Subramanyam, and bringing up for review an order, same court and Justice, entered on or about June 30, 2022, which denied Dr. Subramanyam's motion to set aside the verdict and enter judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, the judgment vacated, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Dr. Subramanyam. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs [FN1] brought suit by summons and complaint, alleging that defendants, Dr. Bala Subramanyam, his practice, and Dr. Lana Selitsky were negligent and committed medical malpractice. Specifically, plaintiffs alleged that Dr. Subramanyam was negligent in performing certain sonograms, and in failing to properly diagnose plaintiff, to recommend further testing, and to appreciate that his reports would be relied upon by plaintiff and other doctors. According to plaintiffs, defendants' delay in diagnosing plaintiff with appendicitis during her pregnancy, resulted in the loss of her pregnancy and injuries to her.
At trial, plaintiff testified that, after experiencing sharp, intense abdominal pains, she went to Dr. Selitsky's office, who referred her to Dr. Subramanyam, a radiologist, for an ultrasound. Dr. Subramanyam performed two sonograms and told her that the baby was fine, but that he could not determine the cause of her pain. After performing the sonograms, Dr. Subramanyam issued a report stating there were "no abnormalities."
Dr. Subramanyam testified that plaintiff was referred by Dr. Selitsky for an evaluation of pelvic pain in early pregnancy, primarily focusing on ruling out an ectopic pregnancy. Dr. Subramanyam testified when he was unable to determine a gynecologic cause for the pain, he conducted an ultrasound of the lower abdomen. His final report stated, "scan of the right lower quadrant and periumbilical region showed no abnormality." He stated that the notation "no abnormality" did not mean that the appendix was visualized or was normal or abnormal.
Plaintiffs argued that Dr. Subramanyam's notation of "no abnormality" in the area where the appendix is located, and without stating that the appendix was not visualized, led to a misinterpretation by Dr. Selitsky of the condition of the appendix and resulted in a delay in proper treatment and injuries to plaintiff.The jury agreed, finding that Dr. Subramanyam departed from good and accepted medical practice by reporting that he found no abnormality which was a departure that was a substantial factor in causing injury to plaintiff. Supreme Court denied defendant's motion to set aside the verdict finding, inter alia, that it was reasonable for the jury to find that the comment[*2]"no abnormality" was medical malpractice and a departure from the standard of care, and that the lack of reporting was a substantial factor in causing the delay that led plaintiff's appendix to burst.
We find that the record was insufficient to support the jury's findings that Dr. Subramanyam's notation of "no abnormalities" misled Dr. Selitsky, who was plaintiff's primary care physician, and thereby delayed plaintiff's treatment for appendicitis.
Defendant Dr. Selitsky, testified that she did not rely upon Dr. Subramanyam's sonogram report in ruling in or out the possibility of appendicitis, a diagnosis she already had considered as part of her differential diagnosis. She further testified that her referral of plaintiff to Dr. Subramanyam was solely to determine whether the source of plaintiff's pain was gynecological in origin. Furthermore, Dr. Selitsky testified that while she assumed that she had received a copy of the report, she could not recall reading it, and, if she had read it, when she did so. Dr. Subramanyam also testified that it was not within his role to provide recommendations in his report or advise physicians what they should do next.
Plaintiffs' obstetrical expert, Dr. Gregory Chen, opined that, based on the pelvic sonogram alone, which ruled out gynecological causes for plaintiff's pain, he would have directed her to the emergency room. Yet, plaintiffs offered no evidence, expert or otherwise, contradicting Dr. Selitsky's testimony.
Thus, even if there was sufficient evidence that it was a deviation from the standard of care for Dr. Subramanyam's report not to specifically note that the appendix was not visualized, there was no valid line of reasoning or permissible inferences which could possibly lead the jury to the conclusion that such departure was a substantial factor in causing the delay in diagnosis of plaintiff's appendicitis and her resulting injuries (see Ducasse v New York City Health & Hosps. Corp., 148 AD3d 434 [1st Dept 2017]; Malone v Kim, 96 AD3d 477, 477 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023

Footnotes

Footnote 1: Plaintiff Slinane Ameziani is suing derivatively.