Fernandez v Hoke (2024 NY Slip Op 00373)

Fernandez v Hoke

2024 NY Slip Op 00373

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 805052/19 Appeal No. 1431-1432 Case No. 2022-05533, 2023-01438 

[*1]Juan Fernandez, Plaintiff-Appellant,
v
Gerald Hoke, M.D. et al., Defendants-Respondents, Janusz Plawner, M.D. et al., Defendants.

Sullivan Papain Block McGrath Coffinas & Cannavo PC, New York (Christopher J. DelliCarpini of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for Gerald Hoke, M.D., Brian Davis-Joseph, M.D., and New York City Health & Hospitals Corporation, respondents.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Eric Bortnick, M.D., Jay Motola, M.D., and St. Luke's-Roosevelt Hospital Center, respondents.

Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered December 12, 2022, dismissing the complaint as against Eric Bortnick, M.D., Jay Motola, M.D., St. Luke's-Roosevelt Hospital Center s/h/a Mount Sinai St. Luke's and Mount Sinai Medical Center, Inc. (St. Luke's), and as against Gerald P. Hoke, M.D., Brian Davis-Joseph, M.D., and New York City Health & Hospitals Corporation (NYCHHC), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 2, 2022, granting St. Luke's and NYCHHC's motions for summary judgment dismissing the complaint as against them, unanimously dismissed, without costs, as subsumed by the appeal from the judgment.
Plaintiff commenced this medical malpractice action alleging that defendants were negligent in the treatment of his kidney stones from November 2017 through April 2018. Summary judgment was properly granted to the St. Luke's and NYCHHC defendants. Plaintiff's expert's opinion that these defendants deviated from accepted practice by failing to surgically treat plaintiff's kidney stones was speculative, relied on hindsight, and was unsupported by the record. Thus, it was insufficient to withstand summary judgment (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Specifically, plaintiff's expert ignored record evidence that plaintiff's clinical presentation was nonemergent when he saw defendants, and that plaintiff had been instructed to seek medical clearance to undergo elective surgery to treat his kidney stones yet failed to do so.
Moreover, plaintiff's expert failed to raise an issue of fact as to causation. Most notably, plaintiff's expert did not acknowledge, let alone address, how plaintiff's development of urosepsis and septic shock, leading to amputation of his limbs, was connected to defendants' failure to surgically intervene several weeks before, given the rapid progression of this type of infection within hours, and that plaintiff had since undergone an elective surgery under the care of nonmoving defendants. Thus, plaintiff
failed to defeat defendants' prima facie showing (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]; Malone v Kim, 96 AD3d 477, 477-478 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024