Starnella v Ganti (2024 NY Slip Op 05318)

Starnella v Ganti

2024 NY Slip Op 05318

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 23624/17 Appeal No. 2912 Case No. 2023-04432 

[*1]Frank Starnella, Jr., etc, et al., Plaintiffs-Respondents,
v
Sudha Rajaram Ganti, M.D., Defendant, Somers Manor Nursing Home, Inc. Doing Business as Somers Manor Rehabilitation and Nursing Center, Defendant-Appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for appellant.
Law Office of Thomas Torto, New York, (Jason Levine of counsel), for respondents.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about July 17, 2023, which, insofar as appealed from, denied defendant Somers Manor Nursing Home, Inc. d/b/a Somers Manor Rehabilitation and Nursing Center (Somers Manor)'s motion for summary judgment dismissing the medical malpractice and wrongful death claims against it as related to the treatment Somers Manor rendered to decedent Frank Starnella, Sr., on May 6, 2015, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Somers Manor is entitled to judgment as a matter of law because no triable issue of fact exists as to whether it departed from accepted medical practice in its treatment of decedent, or whether any such departure was a proximate cause of his injuries and death (see generally Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). On May 6, 2015, Somers Manor staff discovered the 86-year-old decedent, who had a history of falls, lying on the floor with a pillow under his head. The medical reports characterized the incident as a "fall," even though no one witnessed it, and decedent could not recall how he came to be on the floor, nor did he report pain or have any injuries indicating he had fallen. As noted in decedent's medical record, decedent would sometimes choose to sit or lie on the floor. Accordingly, plaintiffs' expert opinion, premised solely upon decedent having fallen from bed, is speculative and does not raise any issues of fact (see Delgado v New York City Hous. Auth., 51 AD3d 570, 571 [1st Dept 2008], lv denied 11 NY3d 706 [2008]).
Even if decedent had fallen from bed due to a departure by Somers Manor from the accepted standard of care, plaintiffs' expert failed to demonstrate the "requisite nexus" between the alleged malpractice and decedent's cardiopulmonary impairment and death (see Dallas-Stephenson v Waisman, 39 AD3d 303, 307 [1st Dept 2007]). The expert opinion was conclusory on this point, failed to raise a triable issue of fact and merely recited the medical records (see Valette v Correa, 216 AD3d 500, 501 [1st Dept 2023]), without any explanation as to how an alleged fall would have been a "substantial factor" in causing decedent's death (see Malone v Kim, 96 AD3d 477, 477 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024