Lee v Montefiore Med. Ctr. (2025 NY Slip Op 06814)

Lee v Montefiore Med. Ctr.

2025 NY Slip Op 06814

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 20565/16|Appeal No. 5313|Case No. 2024-04242|

[*1]Marian Lee, as Administratrix of the Estate of Mary Tsong Lee, Plaintiff-Respondent,
v
Montefiore Medical Center, Defendant-Appellant, Anthony Shih, M.D., Defendant.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for appellant.
Lesch & Lesch, P.C., Bronx (Beth S. Gereg of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about July 3, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of Montefiore Medical Center for summary judgment dismissing all direct claims as against it, unanimously reversed, on the law, without costs, the motion granted and the direct claims against Montefiore dismissed.
Plaintiff raised a question of fact as to whether Montefiore deviated from accepted practice in not ensuring that the rotablator was functional prior to decedent's proposed atherectomy. Montefiore's expert opined that accepted practice did not dictate that Montefiore own a rotablator or, if it did, that the hospital perform routine testing outside of its imminent use. However, plaintiff's expert opined that the standard of care required Montefiore to properly maintain the rotablator where it represented that it had a functioning rotablator available for use. Plaintiff's expert also opined that because the manufacturer offered service contracts for the device, which had other non-single use components, including the foot pedal that malfunctioned here, the device could be subjected to regular inspection. Although Montefiore submitted the maintenance records for the device, it did so on reply which was improper (see Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006]). In any event, the maintenance records simply reveal periodic visual and electrical safety inspections, with no indication as to whether these inspections comported with accepted practice.
Nonetheless, Montefiore established its prima facie entitlement to summary judgment because any such departure was not a proximate cause or substantial factor in causing decedent's injuries (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]; Malone v Kim, 96 AD3d 477, 477 [1st Dept 2012]). Upon discovering that the rotablator was not functioning, both experts agree that defendant Dr. Shih had several options, including postponing the atherectomy, as the decedent's condition was hemodynamically stable at that point. Instead, Dr. Shih independently decided to perform six angioplasty procedures, the last of which ultimately dissected decedent's left main artery. Under these circumstances, Montefiore cannot be held responsible for any direct claims asserted against it by plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025