Salas v New York-Presbyt. Hosp.

2026 NY Slip Op 02354

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cesar Salas, Plaintiff-Respondent,

v

The New York-Presbyterian Hospital, Defendant-Appellant.

Decided and Entered: April 16, 2026

Index No. 805312/16|Appeal No. 6397|Case No. 2025-06083|

Before: Manzanet-Daniels, J.P., Higgitt, O'neill Levy, Chan, JJ.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Alejandra R. Gil of counsel), for appellant.

SOBO & SOBO, LLP, Middletown (Mark P. Cambareri of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about August 27, 2025, which denied defendant's motion for summary judgment dismissing the complaint insofar as it alleged negligence in the surgical techniques used to implant an automated implantable cardioverter/defibrillator (ICD) (except insofar as the allegations concerned penetration of a needle into the artery next to the vein that led to plaintiff's heart and penetration of wires that had been placed within the heart chambers into the heart muscle itself) and found that defendant hospital was vicariously liable for any malpractice of nonparty Dr. Vivek Iyer as a matter of law, unanimously modified, on the law, to the extent of vacating the court's finding with respect to Dr. Iyer's employment status and vicarious liability, and otherwise affirmed, without costs.

Defendant failed to meet its prima facie burden of establishing entitlement to judgment as a matter of law with respect to defendant's malpractice. In order to meet its prima facie burden, a defendant medical provider is required to establish the absence of a departure "from good and accepted medical practice" or that any such departure was not a proximate cause, or a "substantial factor" in causing, plaintiff's injuries (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]; Malone v Kim, 96 AD3d 477, 477 [1st Dept 2012]).

In support of its summary judgment motion, defendant submitted an affirmation from Jay Gross, M.D., a licensed physician, board-certified in internal medicine and cardiology and formerly certified in cardiovascular electrophysiology. Dr. Gross believed that Dr. Iyer had properly performed the placement of the ICD, and opined that the delayed onset of postoperative symptoms were "highly inconsistent with an ICD related complication." While Dr. Gross believed that there was "little doubt that anticoagulation played a role in this event," he went on to find that "[o]ne cannot absolutely exclude subclinical myocardial irritation from the procedure that was manifest only after anticoagulation . . ."

As Supreme Court found, the expert affirmation was insufficient to eliminate all factual issues with respect to defendant's negligence. Dr. Gross acknowledged the post-surgical injury and failed to completely rule out that Dr. Iver's departure from "good and accepted medical practice" had caused it (Anyie B, 128 AD3d at 3). Dr. Gross's statements that the procedure had been properly performed and did not depart from the standard of care were conclusory and lacked the requisite specificity to award summary judgment in defendant's favor. Nor were defendant's pre-existing conditions sufficient to eliminate the possibility of malpractice.

[*2]

As defendant failed to meet his prima facie burden, summary judgment on this issue was properly denied, irrespective of plaintiff's failure to submit an expert affirmation in opposition to defendant's motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

However, to the extent Supreme Court found that defendant hospital was vicariously liable for any malpractice of Dr. Iver on the basis of respondeat superior as a matter of law, that finding is vacated. There was no evidence presented on the motion as to Dr. Iyer's employment status. Further, the issue of vicarious liability was not raised by the parties on the motion, with the court improperly raising the issue sua sponte (Abdou v Malone, 166 AD3d 931, 932 [2d Dept 2018]). Regardless, Dr. Iyer's deposition testimony at least creates an issue of fact as to his employment status, as he testified that he was employed by a different (albeit related) entity and was unsure of the precise nature of the relationship between that entity and the defendant. Supreme Court thus improperly concluded that there was "no dispute" that Dr. Iyer was employed by defendant hospital at the time he rendered the care.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026